DUNHAM OCKERMAN et al., Respondents, *v.* FRANCIS A. CROSS et al., Appellants.

54 29
140 235

The provisions of the act to secure to creditors a just division of the estates of debtors who convey to assignees for the benefit of creditors (chap. 348, Laws of 1860), are only applicable to assignments by debtors residing in this State.

A voluntary assignment by a debtor residing in another State or country, valid by the laws of his domicil and not invalidated by any law of this State, operates as an assignment of the debtor's property situate in this State; and the assignees, after taking possession, can hold the same against attaching creditors of the debtor.

*Guillander* v. *Howell* (35 N. Y., 657), distinguished.

(Argued March 4, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial district, affirming a judgment in favor of the plaintiffs, entered on the report of a referee.

The action was brought by the plaintiffs to recover the value of a quantity of nutmegs and tobacco.

Plaintiffs had come in possession, and claimed to be owners, as assignees, under a voluntary assignment to them by a firm who had been doing business at Belleville, in Canada West, and become insolvent for the benefit of their creditors. The property was seized and taken from them by the defendant Cross, as the sheriff of Jefferson county, in this State, under an attachment issued in an action against the said firm in favor of his codefendants, Dennison and Wyckoff.

The assignors while doing such business, and at the time of executing the assignment, were residents and inhabitants of Belleville aforesaid, and the said defendants, Dennison and Wyckoff, at the time of the incurring of the debt to them, and the issuing of the said attachment, were copartners in business and residents and citizens of the State of New York.

The assignment was executed on the 10th day of June, 1861, it was made in good faith and without any intent to hinder, delay or defraud the creditors of the assignors. It was valid under the laws of Canada, but it was not prepared, acknowledged or recorded in conformity to the provisions of the act of the legislature of this State, passed April 13th, 1860, nor was any bond by the assignees given as required by the said act. All of the assigned property was then at Belleville aforesaid, except that in question which was at Cape Vincent, in this State, and was, at that time, owned by the assignors. It was subsequently and before the seizure and taking thereof by the said sheriff, actually transferred and delivered by them to the said plaintiffs, and it continued in their possession until it was so seized and taken from them as above stated.

The referee decided, among other things, that by virtue of the assignment and the actual delivery of the goods in question under it, the title to them vested in the plaintiffs as assignees and upon the trust of the assignment.

Judgment was ordered for their value.

*F. W. Hubbard* for the appellants. The assignment executed in Canada, under which plaintiffs claim title, was not executed according to the laws of this State, and is void.

(Laws of 1860, chap. 348, p. 594; *Hardman* v. *Bowen*, 39 N. Y., 196, 199; *Juliand* v. *Rathbone*, id., 369, 374; *Britton* v. *Lorenz*, 45 id., 51; *Scott* v. *Gutherie*, 10 Bos., 408, 416.) The assignment, though valid in Canada, cannot be enforced against creditors residing in this State as to property situated here. (2 Kent, 406; 4 id., 406, 407; Story Con. of Laws, §§ 7, 244, 326, 327, 377, 383, 384, 390; *Hoyt* v. *Thompson*, 1 Seld., 320, 349; *Andrews* v. *Heriot*, 4 Cow., 510, note 511; *Bk. of Augusta* v. *Earle*, 13 Peters, 568; *Hardman* v. *Bowen*, 39 N. Y., 196; *Juliand* v. *Rathbone*, id., 369; *Scott* v. *Gutherie*, 10 Bos., 408; *Guillander* v. *Howell*, 35 N. Y., 657; *Kelly* v. *Crapo*, 45 id., 86, 94, 97; *Zipcay* v. *Thompson*, 1 Gray, 243; *Boyd* v. *Rockport, S. C. Mills*, 7 id., 406; *Ingraham* v. *Geyer*, 13 Mass., 146; *Varnum* v. *Camp*, 1 Green [N. J.], 326; *Fox* v. *Adams*, 5 Greenl., 245; *Morris* v. *Mumford*, 3 Mar. Lou. R. [N. S.], 20; *Law* v. *Brig Watchman*, 8 Am. Jur., 284; *Oliver* v. *Towner*, 2 Mar. Lou. R. [N. S.], 93; 3 id., 326; Burr on Ass'm'ts, 362, 373; 9 Conn., 487; *Johnson* v. *Parker*, 4 Bush [Ky.], 149; *Moore* v. *Bonnell*, 2 Vroom [N. J.], 90; *Einer* v. *Deynoodt*, 39 Mo., 69; *Walters* v. *Whitlock*, 9 Fla., 86; *Bruce* v. *Anderson*, S. L. C. R., 127, cited 11th ed., 2 Kent, 521, in note; *Tyler* v. *Strong*, 21 Bar., 198; *Moore* v. *Willett*, 35 id., 663.)

*Augustus C. Brown* for the respondents. The assignment being valid under the laws of Canada operated as a conveyance to plaintiffs of the property in this State. (*Parsons* v. *Lyman*, 20 N. Y., 112; *Bk. of Augusta* v. *Earle*, 13 Pet., 519, 589; *Holmes* v. *Remsen*, 4 J. C., 406, 469; *Means* v. *Hapgood*, 19 Pick., 106; Burr on Ass'm'ts, 363, 372, and cases cited; Story on Con. of Laws, §§ 278–282, and note, p. 423; Smith's Mer. Law, 3; 2 Pars. on Cont., 83; *Hoyt* v. *Thompson*, 1 Seld., 353; *Andrews* v. *Herriot*, 4 Cow., 508, and cases in note; *Peterson* v. *Chem. Bk.*, 32 N. Y., 44; *Chamberlin* v. *Chamberlin*, 43 id., 433; *Kelly* v. *Crapo*, 45 id., 90; *Moore* v. *Willet*, 35 Barb., 663; *Tyler* v. *Strang*, 21 id., 205; *Frazier* v. *Frederick*, 4 Zab., 162; *Speed* v.

*May,* 5 Har., 91; *Law* v. *Mills,* 18 Penn. St., 185; *Caskie* v. *Brown,* 2 Wal. Jr., 131; *Bohalen* v. *Cleveland,* 5 Mason, 174; *Sortwell* v. *Jewett,* 9 Ohio, 180; *Hunt* v. *Lathrop,* 2 Am. L. Reg. [N. S.], 381, R. I.) The provisions of chapter 348, Laws of 1860, apply only to assignments made in this State. (*Sedwick* v. *Stanton,* 4 Kern., 291; Story Eq. Jur., § 259, and note; 5 Cranch, 289; 6 Hill, 526; 2 Pars. on Con., 80; *Hoyt* v. *Comrs. of Taxes,* 23 N. Y., 224; 43 id., 439.)

LOTT, Ch. C. It is the *general* rule in reference to personal property that it has no locality, but follows the person of its owner, and that its disposition and transfer are governed by the law of his domicil, and that a voluntary conveyance, valid by the laws of the place where the owner resides, will operate as a transfer of property wherever situated. This is conceded by the appellants' counsel, but he claims that " every nation, in the exercise of its sovereignty, has a right to prescribe its own rules and remedies pertaining to persons or property in its own territory," and that this State exercised that right in 1860, and passed the act entitled " An act to secure to creditors a just division of the estates of debtors who convey to assignees for the benefit of creditors." (See chap. 348, of Laws of 1860.)

There is no doubt of the power of the legislature to enact that law, and if, by its fair construction, the assignment in question is affected by it, then the plaintiffs have failed to establish a right of recovery.

A careful examination of its provisions has led me to the conclusion that it has no such application. The general scope of the act, as well as the details prescribed for carrying out its provisions, are inconsistent with a construction giving it such effect. Although the first section in general terms declares that " every conveyance or assignment made by a debtor or debtors, of his, her or their estates, real or personal, or both, in trust to an assignee or assignees for the creditor or creditors of such debtor or debtors, shall be in writing, and shall be duly

acknowledged," etc., as therein prescribed, the second clearly
shows that it was intended to apply to *resident* debtors only.
It declares that "every debtor or debtors *so making* an
assignment shall, at the date thereof, or within twenty
days thereafter, make and deliver to the county judge of
the county in which such debtor or debtors *resided* at
the date of such assignment, an inventory or schedule."
The subsequent provisions show the same intent. The
third section requires such assignee or assignees, within a
specified time, or before disposing of the trust property, to
" enter into a bond to the people of the State of New York,
in an amount to be ordered and directed by the county judge
of the county *where such debtor or debtors resided* at the
date of such assignment   \*   \*   \*   which bond shall be filed
in the county clerk's office where the assignment is recorded ; "
and the sixth section declares that " every conveyance or
assignment, made by any debtor· or debtors under the pro-
visions of this act shall be recorded in the clerk's office of the
county *in which such debtor or debtors resided* at the date
thereof," and that every inventory so made as above provided
" shall be filed in the same office where such assignment is
recorded." The fourth section gives power to the county
judge of the county where such inventory is filed, to issue a
citation or summons compelling the assignee or assignees to
appear before him and render an account of the trust fund,
and also to examine the parties making such assignment,
and other persons in relation to such assignment and account-
ing, and all matters connected therewith, and to compel their
attendance for that purpose; " and such county judge, by the
sixth section, may order the bond of the assignee to be put
in suit on his omission or refusal to perform any decree or
order made against him. These details of the act clearly
indicate that it was only intended to apply to assignments
by a debtor or debtors residing in this State. It has, con-
sequently, no application whatever to that in question.

It is also claimed, on behalf of the appellants that, irrespec·
tive of that statute, the assignment is ineffectual as against

the defendants, Dennison and Wyckoff, and the decision of the Court of Appeals in *Guillander* v. *Howell* (35 N. Y. Rep., 657), is relied on to support that position. The facts in that case, so far as they controlled the decision therein, were different from those in this. It there appeared that the assignment, under which the plaintiff claimed title, was a general assignment made to him by an insolvent firm in the city of New York for the benefit of creditors, *giving preferences*; that, at the time of its execution, the property in controversy, consisting of steam-boilers, was in the State of New Jersey, and possession thereof was never delivered to or taken by the assignee; that by the laws of that State an assignment, giving preferences, was *void;* that the defendants, who were residents of that State, had there manufactured the boilers for the assignors, and that they, after the execution of the said assignment, had sold them under proceedings, commenced by attachment issued in that State to satisfy their demand. Upon those facts Judge PECKHAM, who delivered the prevailing and only opinion published, states, in the commencement of it, that the facts presented the question, and that it was "the only point in the case, whether a sale in New York, legal there, of chattels situate in New Jersey, is valid in the latter State as against creditors of the assignors residing there, when it is void by the laws thereof," and the majority of the court held it to be invalid.

It being already shown that the assignment in question is not void, by reason of the provisions of the statute of our State relied on to show its invalidity, it follows that the mere statement of the facts and of the point presented for the decision of the court in that case shows that such decision has no application to that now under review.

The views above expressed dispose of all the questions presented on this appeal.

The judgment of the Supreme Court must, consequently, be affirmed, with costs.

All concur.

Judgment affirmed.