## Weiskettle's Appeal.

1. In the supervision and control of trustees, especially assignees under deeds of voluntary assignment, the courts of common pleas are clothed with very large discretionary powers, and their orders and decrees in such cases should not be modified or reversed except for manifest abuse of such discretion.

2. A general assignment for the benefit of creditors was executed, delivered and accepted in the state of New York, part of the property of the assignor being situated in Pennsylvania. A petition of sundry creditors of the assignor was filed, alleging that the assignee was irresponsible and had not filed an inventory or bond in this state, and praying that he be dismissed. The assignee's answer thereto did not deny his irresponsibility but averred that the requirements of the New York law had been complied with. There was no averment in the answer that the assignor was a citizen of New York.

*Held*, that the answer was insufficient and therefore the court below were right in summarily dismissing the assignee and appointing another in his stead.

May 10th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the court of Common Pleas of *McKean* county : Of July Term 1883, No. 28.

This was the appeal of Henry Weiskettle, assignee of J. W. Humphrey, A. A. Aspinwall, and J. W. Humphrey & Co., for the benefit of creditors, from the decree discharging him from

his trust as such assignee, and appointing J. M. Fuller in his place. This decree was made upon the petition of Morris, Tasker & Co., et al., which set forth that the petitioners were creditors of J. W. Humphrey & Co., of J. W. Humphrey and of A. A. Aspinwall, that on the 19th or 20th day of January 1883, their said debtors made an assignment to Henry Weiskettle in trust for the benefit of creditors, which was delivered on the 20th of the same month; that said assignment was filed in the court of common pleas of McKean county on February 14th 1883; that the said Henry Weiskettle had taken possession of such trust estate, or part thereof, but had filed neither inventory nor bond in this state, and was irresponsible; that he was mismanaging and neglecting the trust estate; that there was property in the state of Pennsylvania belonging to said insolvents, and that the assignee had sold and disposed of portions of the same. The petitioners prayed, inter alia, that said Henry Weiskettle should be dismissed from the said trust, and that some suitable person should be appointed in his place.

The answer of Weiskettle, assignee, set forth that said J. W. Humphrey & Co., J. W. Humphrey and A. A. Aspinwall, had executed a general deed of assignment in trust for creditors to him as assignee; that the assignment was dated January 20th 1883, at Olean, in the state of New York, the time and place where it was executed, delivered and accepted; that it was drawn, executed, delivered and accepted under the laws relating to voluntary assignments in the state of New York; that a large if not the greater part of the estate was situate in Allegany county, New York; that the assignment was duly recorded in the proper office in that county and state on January 22d 1883, in accordance with the laws of that state; that inventories and schedules were duly filed in the proper office in said county of Allegany, New York, and that an order of the county judge of said county of Allegany had been made, fixing the amount of the bond required, and that a bond had been executed and approved by the said judge, and duly filed in the proper office as provided by the laws of that state. That neither a bond or inventory had been filed in Pennsylvania for the reason that respondent had been advised and believed that the filing of bond and inventories in the county of Allegany, New York, which had been done in strict compliance with the laws of that state, was all that was required. That the assignment was not filed in the court of common pleas of McKean county, but had been left for record in the recorder's office of said county; that respondent was not mismanaging the estate; that he was ready to file an inventory in the county of McKean, Pennsylvania, if it should be adjudged his duty, and to file a bond in such amount as should be fixed by the court.

[Weiskettle's Appeal.]

After hearing on petition and answer the court below entered a decree discharging Henry Weiskettle as assignee, and appointing J. W. Fuller in his stead.

The assignee then took this appeal, assigning for error, inter alia, the action of the court in not dismissing the petition for want of jurisdiction, and in discharging the appellant from his trust as assignee.

It appeared from the appellee's paper book that at the time of the assignment, J. W. Humphrey was a citizen of McKean county, Pennsylvania, that A. A. Aspinwall was a citizen of Erie county, Pennsylvania, that the assignee resided in Bradford, McKean county, Pennsylvania; and that the principal office of J. W. Humphrey & Co. was also at Bradford. These facts did not appear upon the record, but were said in the appellee's paper book to have been among the "facts which were before the court below, and upon which the decision was based;" and they were not contradicted by the appellant. ·

*F. D. Reeves* (with whom was *R. Brown*), for appellant.— The court below had no jurisdiction. This was an assignment under the laws of New York, and was executed and delivered there; the legal presumption is that it was to be performed where it was made : Speed *v.* May, 5 Harris 91. The Act of May 3rd 1855, Purd. Dig. 92, pl. 8, which is referred to as conferring jurisdiction, is vague, but its reasonable interpretation is that it only applies to assignments made by non-residents intended to be performed in this state. Under the principle of comity, the assigned estate, situated in Pennsylvania, vested in the assignee : Speed *v.* May, supra ; Ockerman *v.* Cross, 54 N. Y. 29. Though the assignee is irresponsible, he will not be removed on that account if bonds have been filed : Pearce *v.* Beach, 12 How. Pr. 404; In re Paddock, 6 How. Pr. 215 ; Bishop on Insolvent Debtors 129. But bonds were filed in New York where the assignment was made and accepted: Lawrence *v.* Bassett, 5 Allen (Mass.) 140. . The lex loci contractus determines the binding effect of a voluntary assignment : Law *v.* Mills, 6 Harris 185 ; Speed *v.* May, supra ; Ockerman *v.* Cross, 54 N. Y. 29; Livermore *v.* Jenckes, 21 How. U. S. 126. He must account in New York, and the bonds filed there are as much for indemnity for proceeds of Pennsylvania as of New York property. The mode of fulfilling a contract is determined by the law of the place where it is to be performed: Brown *v.* Camden & Atlantic R. R., 2 Norris 316. The domicile of assignor and assignee is not a question in this case. The presumption is that they were domiciled in New York since the assignment was made there, and there is nothing in the record to rebut that presumption. We do not care to go

[Weiskettle's Appeal.]

beyond the record. The assignee should have been allowed an opportunity to file a bond : Heckman v. Messinger, 13 Wright 465, 472.

*N. B. Smiley* and *Hamlin & Son* (with whom were *Berry, Elliott & Jack* and *Brown & Roberts*), for the appellees.—The exercise by the court below of the discretionary powers vested therein over trustees, is not the subject of review on appeal: Black's Case, 6 Harris 434 ; Piper's Appeal, 8 Harris 67. Power of removal is conferred by Act of March 21st 1831, § 2, P. L. 193 ; Act June 14th 1836, § 11 & 12, Purd. Dig. 1417, pl. 12 & 13 : Piper's Appeal, supra ; Adam's Estate, 1 Phila. 391. There is nothing to show that the Pennsylvania property is inventoried in New York, nor what amount of bail was given in that state ; even if the assignors had actually been non-residents, the Act of May 3d 1855, Purd. Dig. 92, pl. 8, gives the courts of this state power to dismiss the trustee. When a portion of the property is within the state the lex rei sitæ prevails : Law v. Mills, 6 Harris 185 ; Reigart's Appeal, 4 Barr 477. The Act of June 14th 1836, § 11, makes the mere irresponsibility of the assignee a ground for dismissal. The assignment is not to be " executed " as if made by residents of New York. The rule is firmly established that the situs of realty and the domicile of the owner of personal property furnishes the test as to control and disposition, and the lex fori as to the mode and remedy : Story Conflict of Laws, §§ 363, 367, 376, 382 ; Speed v. May, supra ; Donaldson v. Phillips, 6 Harris 170 ; Jeter v. Fellowes, 8 Casey 465 ; Williams v. Maus, 6 Watts 278 ; Bingham's Appeal, 14 P. F. Smith 345 ; Carey's Appeal, 25 P. F. Smith 201 ; 2 Parsons on Contracts 588 ; Bank v. Donnally, 8 Peters 361 : Wilcox v. Hunt, 13 Peters 378 ; Watson v. Brewster, 1 Barr 381 ; Thornton v. Ins. Co., 7 Casey 529 ; Barton v. Bolton, 3 Phila. 369 ; Loveland v. Davidson, 3 Clark 377.

Mr. Justice STERRETT delivered the opinion of the court, October 1st 1883.

In the supervision and control of trustees, especially assignees under deeds of voluntary assignment, our courts of common pleas are wisely clothed with very large discretionary powers; and their orders and decrees in such cases should not be modified or reversed except for manifest abuse of such discretion. By the Act of June 1836, assignees are required, within thirty days after execution of a voluntary assignment, " to file, in the office of the prothonotary of the court of common pleas of the county in which the assignor shall reside, an inventory or schedule of the estate or effects so assigned;" and, as soon as the inventory and appraisement are filed to " give

[Weiskettle's Appeal.]

bond or bonds, with at least two sufficient sureties, to be approved by one of the judges of said court in double the amount of the appraised value of the estate :" Purdon, 92, 93, pl. 9 & 13.   The Act of March 1831, P. L. 193, provides that in all cases where assignees neglect or refuse to give the required security, it shall be lawful for the court, on application of any person interested, "to call such defaulting assignees before them, and to dismiss them from said ·trust and appoint other suitable persons in their places and stead, who shall cause to be made the inventory and appraisement and give the security required by law."   The first-mentioned Act also provides that whenever it shall be made to appear to the proper court that any assignee or trustee has neglected or refused, when required by law, to file a true and perfect inventory, or to give bond, or to file an account of his trust, or that he is wasting, neglecting or mismanaging the trust estate, or is in failing circumstances, or about to remove out of the jurisdiction of the court, it shall be lawful for the court in any such case to cite the assignee or trustee to appear and show cause why he should not be dismissed ; and, on return of the citation, to require such security as may be deemed reasonable, or the court "may proceed at once to dismiss such assignee or trustee from the trust :" Purdon, 1417, pl. 12 & 13.   It thus appears that courts of common pleas are invested with ample power to summarily dismiss trustees whenever good reason is shown therefor; and among the recognized good causes for removal, are mismanaging of the estate, failing circumstances and neglect of duty : Piper's Appeal, 8 Harris 67.

The petition presented by appellee, two months· after execution of the assignment, charged, inter alia, that appellant is "entirely irresponsible and· has not filed any inventory of the estate coming into his hands, nor given any bond in this state as required by law, and is mismanaging and neglecting the trust estate ; that there is a large amount of property in this state, belonging to said insolvents, and said assignee has sold and disdisposed of portions thereof."   If these averments were true, the court, in the absence of full and satisfactory explanation by the assignee, was·clearly justified in discharging him from the trust.   The allegation that appellant is personally irresponsible is not denied in the answer.   The charge that he has neither filed an inventory nor given bond in this state is admitted to be true, and the excuse given for the omission is that the assignment was "dated, executed, delivered and accepted at Olean in the state of New York ;" that it was "drawn, executed, delivered and accepted under and by virtue of the laws of said state relating to voluntary assignments," and that said laws have been fully complied with, by duly recording the assignment in the

[Weiskettle's Appeal.]

proper county, filing inventories, giving bond, etc., in that state. This might, perhaps, be regarded as a sufficient answer if it had also been averred that J. W. Humphrey & Co., the assignors, or either of them were residents of New York; but nothing of the kind was done. It is asserted by the appellee in his counter-statement, and not denied by appellant that, at the time of the assignment, the assignors' principal place of business was at Bradford, McKean county; that one member of the firm was then a citizen of that county and the other a resident of Erie county, Pennsylvania. For aught that appears these facts were practically admitted in the court below, as they are here. If so, the court was clearly right in refusing to sanction such a palpable evasion of our voluntary assignment law; and an assignee who would lend himself to such a transaction should be promptly removed. Voluntary assignments in this state are governed by the Act regulating them, and not by the general law of contracts. The Act of 1836, as we have seen, requires the assignee to file an inventory in the prothonotary's office of the county where the assignor resides, within thirty days after the execution and delivery of the assignment, etc. It also provides for the administration of the assigned estate, and the equitable distribution of the proceeds thereof. These and other provisions of our assignment law cannot be evaded by merely crossing the state line and undertaking to execute an assignment " under and by virtue of the laws of " an adjoining state, which may perhaps sanction preferences that are forbidden here. Nor does it appear that the provisions of the New York Act, under which the assignee claims to have acted in recording the assignment and proceeding to administer the trust in that state, are applicable to non-resident debtors. On the contrary, its provisions, like those of our own voluntary assignment law, are restricted to debtors resident within the state: Ockerman v. Cross, 54 N. Y. Rep. 29.

The record shows that appellant appeared in obedience to the citation and filed an answer in which he either expressly or tacitly admits some of the charges contained in the petition, and attempts to meet others in the form of confession and avoidance; that a hearing was had in open court, and, after arguments of counsel for the parties in interest, the decree was entered. The allegations contained in the petition are clearly sufficient to give jurisdiction; and, in view of the large discretionary power with which the court below is invested in such cases, considered in connection with what appears upon the face of the record before us, we are not satisfied there was any error in entering the decree.

Decree affirmed and appeal dismissed at the costs of appellant.