BARTH v. BACKUS, Sheriff, et al.

(Supreme Court. General Term, Third Department. February 15, 1893.)

ASSIGNMENT BY FOREIGN CORPORATION—EXTRATERRITORIAL EFFECT.

An assignment by a foreign corporation, made in the state of its organization and valid under its laws, operates as an assignment of the corporation's property in New York as against its subsequently attaching creditors.

Appeal from special term, St. Lawrence county.

Action by John Barth, as general assignee of the Wilkin Manufacturing Company, a Wisconsin corporation, against the Canton Lumber Company, for goods sold and delivered by plaintiff's assignor to the defendant. The defendant paid into court the amount sued for, whereupon the action was dismissed as to it, and Erastus P. Backus, lately sheriff of the county of St. Lawrence, the St. Lawrence County Bank, the Bank of America, and L. Howard Wilson, as sheriff of the county of St. Lawrence, were substituted as parties defendant. Defendants' claim to the fund was based upon attachments levied by the banks as creditors of the Wilkin Manufacturing Company. The attachments were subsequent to the assignment, but it was argued by the defendants that the assignment was made under the Wisconsin statutes, and therefore had

no extraterritorial effect.    Plaintiff obtained judgment.    Defendants appeal.    Affirmed.

The opinion of Mr. Justice RUSSELL at special term is as follows:

"This action was originally commenced to recover of the Canton Lumber Company the sum of $6,947, upon an indebtedness formerly owing the Wilkin Manufacturing Company, a corporation of Wisconsin.  The action has been transformed into an interpleader between the plaintiff and these defendants, the Canton Lumber Company paying the amount of the claim into court.  The plaintiff claims as general assignee for the benefit of creditors of the Wilkin Manufacturing Company, and the defendants claim by attachments in favor of two of the defendants, they being creditors of the manufacturing company.  These defendants claim that this assignment to the plaintiff passed no title to this indebtedness of the Canton Lumber Company, a New York corporation, and that therefore the attaching creditors obtained a valid lien, although the attachments were made after the assignment, and the money in court should be paid to the sheriffs upon the attachments.  It is conceded that, if this had been an ordinary common-law assignment of the claim of the Wilkin Manufacturing Company, the assignee would have taken title good as against all persons subsequent to the delivery of the assignment.  It is also conceded that an assignment for the benefit of creditors, ordinarily speaking, has the same general effect as an assignment made by the debtor of certain property to pay any particular creditor.  But the defendants claim that this general assignment has been made under the permission of the Wisconsin statutes, and that therefore it has the character of an insolvent law. especially so as the Wisconsin statutes, by recent amendment, existing at the time of the assignment here, give to the assignor the right to compel a discharge.  They also claim that all assignments made under the purview of insolvent laws have no extraterritorital effect, and that it is contrary to the policy of the state of New York, the forum of the contention, that corporations should be enabled to make general assignments for the benefit of creditors, and therefore that the courts of this state would not recognize the title of the plaintiff.  In determining the questions at issue, it is well to have recourse to the reason upon which the sum of the decisions in regard to the effect of assignments, compulsory or voluntary, to pay creditors, is based.  The ordinary rule is that the status of personal property follows that of the owner, and the laws governing its transfer are those of the forum in which the owner lives.  This general rule is modified by exceptional cases designed to protect the rights of others who may have dealt with the owner.  The courts of New York have assumed the right to regulate transfers of personal property situate here, upon the necessity of protection to its own citizens against inequitable or partial transfers, permitted by the laws of the state in which the debtor of the assignor may live.  Thus the courts of this state have guardedly allowed assignees and receivers permission to collect claims and claim property in this state, holding that by comity, which may form a part of the common law, all of the circumstances being fair, the foreign suitor may have his standing here to enforce his rights.  Keller v. Paine, 107 N. Y 83, 13 N. E. Rep. 635; Kelly v. Crapo, 45 N. Y. 86; Williams v. Ingersoll, 89 N. Y. 508; Hibernia Bank v. Lacombe, 84 N. Y. 368, 384; In re Waite, 99 N. Y. 448, 2 N. E. Rep. 440; Warner v. Jaffray, 96 N. Y. 248. But a voluntary assignment by a debtor residing in another state or country, valid by the laws of his domicile, and not invalid by any law of this state, operates as an assignment of the debtor's property situate in this state.  Ockerman v. Cross, 54 N. Y. 29.  In the case at bar the assignment was valid by the laws of Wisconsin: was a voluntary assignment; was without preferences; and made for fair distribution of all the debtor's property to all of his creditors, in which any New York creditor might maintain an equal benefit with any Wisconsin creditor.  The claims sought to be enforced by attachment are claims originally belonging to Wisconsin citizens, and by them transferred to New York assignees, apparently for the purpose of collection.  Is there any reason why this assignment, which is effective in Wisconsin, should not be effective as to property here?  Is there any reason why the courts of New York should refuse to the assignee of Wisconsin the right to follow the property sought to be assigned into the state of New York, and there recover it?  The aim of the law is to render commercial transactions as simple and effective as possible without unnecessary trammels and hindrances produced by state lines.  If New York creditors dealing with foreign corporations find the property of the foreign debtor in this state, there is every reason why courts should protect the New York creditors from the operation of the insolvent laws which may give to foreign creditors the preference.  But the

theory of the New York law has been that in regard to corporations such as the Wilkin Manufacturing Company, if situate within this state, insolvency should be at once followed by the equal distribution of assets, and hence it appoints receivers of such corporations, who shall equally distribute without preference. It seems to me that it should accord to the creditors of foreign corporations the same right to equal distribution of its property among its creditors, and, as the only way possible for this foreign insolvent company to surrender fairly to its creditors equally its property in payment of its obligations is to follow the laws of Wisconsin by a voluntary assignment, it would be against the uniform policy of the New York statutes and courts to prevent such an equal distribution being made. I do not think that the fact that an amendment of the Wisconsin statute now allows the assignor to be discharged from his debts destroyed or limits the effect of a general assignment without preferences by making it what is technically known as a proceeding under an insolvent law, especially in a case where the person assigning is a corporation. My construction of the Wisconsin statute is that it does not cover a corporation, for a discharge of a corporation is contrary to the general scheme upon which corporations are formed. While it may be that insolvency does not work a dissolution, yet its life depends upon its ability to continue the performance of its obligations, and general provisions are made for winding up of corporations who cannot perform their obligations or pay their debts. I cannot conceive that it was the theory of the Wisconsin legislature that a corporation created by it to enjoy the immunities of a corporation should by giving up its property be enabled to begin anew, and again run its course. Nor do I find, in comparing the statutes upon the subject contained in the Wisconsin statutes, any justification for such an inference. If my construction of the Wisconsin statutes is correct, the case of McClure v. Campbell, 71 Wis. 350, 37 N. W. Rep. 343, is not applicable to the case at bar. I am the more confirmed in this belief, so far as Wisconsin authority has a pertinency here, by the case of Smith v. Railroad Co., 23 Wis. 267, which upheld in Wisconsin an assignment made in New York to a citizen of New York by a citizen of Wisconsin, and by the case of Mowry v. Crocker, 6 Wis. 325, which upholds a general assignment for the benefit of creditors made in the state of Rhode Island affecting property in Wisconsin. My conclusions are that the general assignment passed the title to the claim against the Canton Lumber Company, and that a payment by the Canton Lumber Company to the assignee would have been valid, so that company would not be obliged to pay anew in case of a subsequent attachment, and that the plaintiff is entitled to the money paid by the company into court."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Nelson L. Robinson, for appellants.

Ledyard P. Hale, (Thomas Spratt, of counsel,) for respondent.

HERRICK, J. It has been held that a voluntary assignment by a debtor residing in another state, valid by and under the laws of that state, and not in contravention with the law or policy of this state, operates as an assignment of the debtor's property in this state, and that the assignee can hold the same against subsequent attaching creditors in this state. Ockerman v. Cross, 54 N. Y. 29, approved in Warner v. Jaffray, 96 N. Y. 248. There seems to be nothing in the law of Wisconsin under which the assignment is made, or in the assignment itself, that is hostile to the statutes or policy of this state. Mr. Justice RUSSELL, before whom this case was tried, has written so fully upon the question that it seems to me unnecessary to enlarge upon it here, inasmuch as I agree with the conclusion arrived at by him. The judgment should be affirmed, with costs and disbursements. All concur.