## Backenstoss's Assigned Estate.

*Assignments for creditors—Jurisdiction—Residence—Place of business—Situs of real estate.*

Where a person has made an assignment for creditors in the county where he resides, and the assignment has been therein recorded, the Common Pleas in another county, where the assignor had a place of business and where he owned real estate, has no jurisdiction to make an order on the assignees to pay over money raised by the sale of real estate of the assignor situated in that county.

Petition to pay over money. C. P. Dauphin Co., Sept. T., 1926, No. 185.

*Paul A. Kunkel,* for petitioners.

*John E. Myers* and *Forrest Mercer,* contra.

HARGEST, P. J., Jan. 3, 1927.—Clarence O. Backenstoss, a resident of Cumberland County, Pennsylvania, made an assignment for the benefit of creditors to Forrest Mercer, June 15, 1925, which said assignment is recorded in the office of the recorder of deeds in said county and proceedings to settle the assigned estate have been duly entered in the Court of Common Pleas of Cumberland County to No. 129, September Term, 1925. Addison M. Bowman was elected a co-assignee, and the said Forrest Mercer conveyed an undivided one-half interest in all of the real property belonging to said Clarence O. Backenstoss to his co-assignee by deed dated Sept. 21, 1925, and recorded in the Recorder's Office in Cumberland County in Deed Book D, vol. 10, page 261. The petitioners, Stanley G. Backenstoss, John D. Graybill and Charles W. Meilly, set forth that they, together with said Clarence O. Backenstoss, conveyed three separate pieces of real estate in the City of Harrisburg and took as part consideration three judgment exemption notes for $200 each, which are entered to Nos. 811, 812 and 813, June Term, 1923, in this court; that at the time of making assignment the assignor was one of the stockholders and a director of the Backenstoss Realty Company, whose principal office and place of business was at No. 29 North 2nd Street, in the City of Harrisburg; that the said assignor also owns real estate in Dauphin County; that said Forrest Mercer had received the said amount of $600 and holds said money awaiting the action of this court. The petitioners ask that he be directed to pay over to them three-fourths of said amount. To this petition the said assignee makes answer, admitting that he and his co-assignee hold the money referred to in the petition, but aver that the matter of said assigned estate is in course of settlement in the Court of Common Pleas of Cumberland County, and, therefore, the said assignee contends that there is no jurisdiction in this court.

In Artman *v.* Giles, 155 Pa. 409, a bill in equity was filed in the Court of Common Pleas of Philadelphia against Isaac Giles, the sheriff, and the assignee for creditors of Isaac Giles, whose assigned estate was being settled in the Court of Common Pleas No. 3 of Philadelphia. It was objected that neither the sheriff nor the assignee were proper parties. The Supreme Court said: "An injunction to stay proceedings at law should go against the party, not against the sheriff or other officer who is already under the mandate of one court, and should not be put in peril of disobedience by discordant orders of conflicting jurisdictions. For the same reason, the assignee should not be made party. He is accountable to another court, which has the exclusive control over his official action, and may, perchance, hold that he should have done the very thing this injunction prohibits."

In the Assigned Estate of Owen, Eckel & Colket, 1 Schuyl. Legal Rec. 61, it is held: "In the assignment for the benefit of creditors, the test of juris-

Backenstoss's Assigned Estate.

diction of the court is the residence of the assignor. In assignments by a firm, the different parties residing in different counties, the jurisdiction of the court in which the assignment is first filed and inventory and appraisement made will be exclusive."

In Weiskettle's Appeal, 103 Pa. 522, 527, there was a general assignment for the benefit of creditors executed, delivered and accepted in the State of New York, part of the assignor's property being in Pennsylvania. A petition of creditors was presented, alleging that the assignee was irresponsible and had not complied with the laws of this State. There was no averment that the assignor was a citizen of New York. The answer averred that the laws of New York had been complied with. Of this, the court said: "This might, perhaps, be regarded as a sufficient answer if it had also been averred that J. M. Humphrey & Co., the assignors, or either of them, were residents of New York; but nothing of the kind was done. It is asserted by the appellee in his counter-statement, and not denied by appellant, that at the time of the assignment the assignor's principal place of business was at Bradford, McKean County; that one member of the firm was then a citizen of that county and the other a resident of Erie County, Pennsylvania. . . . The Act of 1836, as we have seen, requires the assignee to file an inventory in the pro-thonotary's office of the county where the assignor resides."

These cases were decided before the passage of the Act of June 4, 1901, P. L. 404. But that act does not change the law in this respect. Section 2 of the Act of 1901 provides that any person may make an assignment, but does not say in what court the proceedings should be had, and, necessarily, they would be in the court of the county of the assignor's residence, because that is the court which has jurisdiction of the assignor. Section 7 of the act provides for the involuntary appointment of a receiver "in the Court of Common Pleas of the county where the alleged insolvent resides or his principal place of business is situate." Section 10 provides: "The assignment or a certified copy of the decree of the court appointing a receiver shall be recorded in the county where the insolvent resides, or his principal place of business is situate, and in every county where he owns real estate."

The language of the statute is in the alternative. It provides for jurisdiction for the purposes mentioned, in one place or the other; not in both. Certainly the act does not authorize such a proceeding as this in the county where the place of business is situate when jurisdiction has already attached in the court where the insolvent resides.

It would lead to all manner of confusion if two or more courts were to assume jurisdiction over the conduct of an assignee with, perhaps, conflicting orders, and especially would this be so when the question relates to the application of funds in his hands, and, therefore, to the personal conduct of the assignee, and not to the disposition of real estate, as is the case before us. For these reasons, we conclude that this court has no jurisdiction of this petition.

Now, Jan. 3, 1927, it is hereby ordered and directed that the petition of Stanley G. Backenstoss, John D. Graybill and Charles W. Meilly to require Forrest Mercer, assignee of the estate of Clarence O. Backenstoss, to show cause why he should not pay over to the petitioners three-fourths of certain moneys collected upon judgment notes recorded in Dauphin County, be dismissed for lack of jurisdiction in this court, and that the petitioners pay the costs.

From Homer L. Kreider, Harrisburg, Pa.