CHARLES WARD ET AL. vs. THE CONNECTICUT PIPE MANUFACTURING COMPANY.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

By attaching the personal property of a Connecticut corporation in another State, before the corporation goes into the hands of a receiver in this State, and subsequently causing it to be sold on execution, a non-resident creditor does not forfeit his right to present the balance of his claim and have the same allowed in the receivership suit; nor is the creditor in such case to be debited with more than the net avails of the execution sale, although the property in fact sold for less than its fair market value.

If, however, the attachment is not made until after the corporation has

voluntarily conveyed all its property, wherever located, to a **receiver** appointed at its request, such conveyance being provided for in the decree appointing him, and the creditor before attaching has notice of the decree, the receiver's title so acquired will prevail, and the creditor will not be allowed to prove his claim in the receivership suit until he has paid the receiver the fair value of the property at the date of its attachment, together with lawful interest thereon.

A voluntary conveyance of goods made by the owner at his domicil, in a form which is sufficient there and also at common law, is effectual to transfer the title, although they may at the time be in another State, unless the statutes or local policy of that State forbid.    The rule imputing fraud where possession is not taken under such a conveyance, does not apply to a conveyance to a receiver as fully as to those made to an ordinary vendee or assignee.

Our statute (Public Acts of 1895, p. 491) dissolving attachments made within sixty days before the appointment of a receiver of a corporation, has no application to legal proceedings in other States.

Section 532 of the General Statutes, which provides that claims allowed against the estate of an insolvent debtor shall be paid *pro rata*, "subject to such equities as may be ascertained and decreed" by the Court of Probate upon hearing, after public notice, applies also to claims allowed against an insolvent corporation in the hands of a receiver.

Non-residents cannot claim the benefit of a receivership suit by proving claims against the estate, without renouncing every right inconsistent with the proper object of such suit.

Argued October 27th, 1898—decided January 4th, 1899.

APPLICATION by a receiver for instructions in regard to the allowance and payment of certain·claims presented against the defendant corporation, brought to the Superior Court in New Haven County and reserved by that court, *Roraback, J.*, upon an agreed statement of facts, for the consideration and advice of this court.

The Davies & Thomas Company, a Pennsylvania corporation, was a creditor of the defendant, a Connecticut corporation, which was then engaged in construction work in Brooklyn, New York, under a contract with the Kings County Electric Light Company.   For the purposes of this work the defendant had an office in Brooklyn, and a considerable quantity of pipes, tools and material there.   Part of the property was attached by the Davies & Thomas Company on December 28th, **1897, in a suit against the defendant** in the Supreme Court

Ward et al. *v.* Connecticut Pipe Mfg. Co.

of New York. No service of process was made on the defendant until January 24th, 1898, when service was made in Connecticut on its president, an inhabitant of this State, by order of the New York court. Meanwhile, on December 29th, 1897, the defendant had been put in the hands of a receiver, in a suit for its dissolution, instituted on that day, by the plaintiffs, who owned three quarters of its capital stock. The decree appointing the receiver directed him to take immediate possession of all the property of the defendant, and ordered it " and its officers and all persons having in their possession or control any of the property, books, or papers of said company," to surrender them to him, and the defendant " to make any and all conveyances and assurances to said receiver which may be necessary and proper to facilitate and assure the due execution of this order."

Later on the same day the defendant, by vote of its directors, assigned in writing to the receiver, as such, all its property in Brooklyn, and all its choses in action.

The Brooklyn office of the defendant was abandoned on December 31st, 1897, and by that time all work under the contract was ended.

On February 24th, 1898, a further attachment was made upon the original warrant in the suit of the Davies & Thomas Company on other property of the defendant in Brooklyn. When the service was made on the president, the Davies & Thomas Company knew of the appointment of the receiver.

On April 1st, 1898, the Davies & Thomas Company, having taken judgment by default, took out execution, and had it levied on the property attached. It sold for less than its fair market value and the Davies & Thomas Company bought most of it. Others were present at the sheriff's sale and made lower bids. The receiver knew of the sale and suggested to one party that he should go and bid.

The receiver was informed by third parties that all the defendant's property in Brooklyn had been taken by the attachment of December 28th, 1897, and hence did not take possession of any of it. In fact part had not been attached, but was subsequently attached in February, as above stated.

After their purchase at the sheriff's sale, the Davies & Thomas Company sold part of the property so bought to third parties for a sum exceeding what it had paid for the whole.

In May, 1898, the Davies & Thomas Company filed with the receiver a claim against the defendant company for the amount of the New York judgment, a copy of which was annexed, less the net proceeds of the execution sale; also an alternative claim for the original indebtedness upon which said judgment was founded, less said proceeds of sale. The claim also set forth that it had attached in said New York suit a certain indebtedness to the defendant under said construction contract from certain parties made garnishees, and put a lien on the work done under the contract for certain materials supplied by it therefor to the defendant; and asked that the cash value of said lien and foreign attachment might be determined according to law.

The receiver having refused to allow the claim, and reported the matter to the court, the following questions were stated for its determination : —

### *Claims of the Davies & Thomas Company.*

" 1. That they are entitled to prove their claim against the estate in the hands of the receiver in Connecticut; (2) that they are entitled to prove said claim for the full amount of the judgment, and not simply for the amount of the debt upon which said judgment was founded ; (3) that if any deduction from the amount of the claim is to be made because of their security by attachment and execution, as hereinbefore stated, it should be as follows : (*a*) The cash value of the security held by attachment levied before the receivership should be credited upon the amount of said claim; (*b*) the cash value of the security held by attachment levied after the receivership should be credited upon said claim; (4) that the price for which the property was sold out by the sheriff, after deducting said fees and expenses as hereinbefore stated, determines the cash value, and that that valuation is conclusive."

### *Claims of the Receiver.*

" 1. That said Davies & Thomas Company are not entitled

to prove their claim at all, but that having elected to retain their attachment and proceed against the property in Brooklyn, they are confined to that; (2) that if they can prove it at all, they can prove only the amount of debt upon which said judgment was founded; (3) that the auction sale of the property is not conclusive evidence as to the value of the property; that for the purpose of proof the property attached should be taken at its fair market value at the time of the appointment of the receiver; (4) that if said Davies & Thomas Company are allowed to prove their claim at all, they should be allowed only such a dividend from the estate as added to the value of the property held by them under attachment, would equal the amount which they would have received from the estate had they released their attachments and allowed the property to go into the possession of the receiver as a part of the estate; that is, that they should receive such a dividend as, added to the value of the property held by them under their attachment, would be in the same proportion to their claim as the whole estate, including said property so attached by them, would bear to the whole amount of the claims proved against the estate."

*E. P. Arvine* and *George E. Beers*, for the Davies and Thomas Company, a creditor.

The Davies and Thomas Company is entitled to prove its claim. None of its acts constituted a contempt of court. When it made the first attachment in New York there was no receivership. After that, it simply perfected its lien, as it had a right to do (*Albany City Bank* v. *Schermerhorn*, 9 Paige N. Y., 372, 378), and attached property of which the receiver had never taken possession. As to the attachment levied prior to the receivership, if any deduction is to be made, it should be treated as security and its value deducted from the face of the claim. A receiver has no right to the possession of property seized under process prior to his appointment. Beach on Rec. (2d ed.) § 223; *State* v. *Graham*, 9 Wash. 528. The attachment created a valid lien. Being levied prior to the receivership it was not affected by the appointment of the receiver.

*State* v. *Superior Court,* 7 Wash. 77 ; *Ford* v. *Judsonia Mercantile Co.,* 52 Ark. 426 ; *Dann Mfg. Co.* v. *Parkhurst,* 125 Ind. 317 ; *Hubbard* v. *Hamilton Bank,* 7 Met. 340 ; *Hays* v. *Lycoming Fire Ins. Co.,* 99 Pa. St. 621 ; *Van Alstyne* v. *Cook,* 25 N. Y. 489 ; *Varnum* v. *Hart,* 119 id. 101 ; *Conley* v. *Deere,* 11 Lea (Tenn.), 274. This view is expressly sanctioned in *Wilcox* v. *Continental Life Ins. Co.,* 56 Conn. 468, 476. Chapter 96 of the Public Acts of 1895, does not affect this question. *Neufelder* v. *North British, etc., Ins. Co.,* 10 Wash. 393. An attachment in another State is security and to be treated as such, *viz.,* its value is to be deducted from the face of the claim. *In re Waddell-Entz Co.,* 67 Conn. 324, 336 ; *In re Greeley & Co.,* 70 id. 494 ; *Lawrence* v. *Security Co.,* 56 id. 423. The authorities which hold that injunctions may be granted to restrain home creditors from suing out of the jurisdiction, refuse to allow the receiver or trustee a recovery of what is realized on the suit, either in a direct proceeding (*Proctor* v. *National Bank,* 152 Mass. 223) or indirectly, as when he seeks to set off the amount recovered against the dividend. *Batcheller* v. *National Bank,* 157 Mass. 33, 36. The cases which take the same ground as the *Waddell-Entz* case, that security must be deducted from the face of the claim, arrive at that result on general equitable considerations. The security is treated as a satisfaction *pro tanto. Phila., etc., Co.* v. *Anniston Pipe Works,* 106 Ala. 357 ; *Erle* v. *Lane,* 22 Colo. 273. See also *Chicago, T. & T. Co.* v. *Smith,* 158 Ill. 417 ; *Fay* v. *Jenks,* 78 Mich. 304 ; *Kittredge* v. *Supreme Lodge,* 161 Mass. 384 ; *Marden* v. *Filkens,* 57 Ill. App. 587 ; Sto. Conf. Laws (8th ed.), § 400. The value of the attachment obtained since the receivership should be deducted from the face of the claim. The receiver never had possession and the property was never in this jurisdiction. A receivership, as such, has no exterritorial effect. *Riley* v. *Riley,* 3 Day, 74 ; *Upton* v. *Hubbard,* 28 Conn. 274, 284, 285 ; *Egbert* v. *Baker,* 58 id. 319, 324. A receiver takes title solely by the decree of the court. In order to have his title operate out of the State, he must either take possession just as any purchaser would, or else the property must be within the jurisdiction.

*Commercial Nat. Bank* v. *Mattherwill Co.,* 95 Tenn. 172; *Reynolds* v. *Adden,* 136 U. S. 348. As to the property within the jurisdiction of New York, the judgment of the New York court is conclusive, and the court of Connecticut cannot indirectly annul it by arbitrarily cutting down the claim. Being the judgment of a sister State, it must receive full faith and credit. The assignment to the receiver in aid of the receivership proceedings does not affect the case. It was in no sense voluntary. *Catlin* v. *Wilcox, etc., Co.,* 123 Ind. 477. The cash value of the security is not the reasonable market value of the property in which the security exists. If the attachment was still in existence as an attachment, that market value might be evidence to aid in determining the value of the security. But when the security has been turned into money in the proper way, its value has been conclusively determined. *Neufelder* v. *North British, etc., Ins. Co., supra.*

*Talcott H. Russell,* for the receiver.

No conflict of authorities exists as to the validity of a voluntary common-law conveyance good in the State where the parties reside. *Barnett* v. *Kinney,* 147 U. S. 247. As it appears that there was such a common-law conveyance in this case, of this specific property, it would seem that there was no question about the title to the property vesting in the receiver. *Frank* v. *Babbitt,* 155 Mass. 112; *Schroeder* v. *Tompkins,* 58 Fed. Rep. 672; *Thomp.* on Corp. § 7347; *Egbert* v. *Baker,* 58 Conn. 319; *Boston S. D. & T. Co.,* 72 Fed. Rep. 700; *Parker* v. *Houghton Mill Co.,* 91 Wis. 174. The question arises, then, whether a creditor can take possession and hold property to which the receiver is entitled, in contempt of the power of the court, and then take advantage of the proceedings, and get the full benefit, *pari passu,* with the other creditors who recognize the proceedings and comply with the order of the court. There would seem to be no excuse for making such a claim. A party who makes a claim in a court of equity must be prepared to do equity and must be prepared to comply with the proper orders of the court.

Otherwise, he will be punished for contempt; and if he cannot be reached by contempt proceedings, will at least be prevented from taking advantage of the very proceedings which he disregards. Whatever may be said about the first attachment made on the 28th day of December, the second attachment was clearly a violation of the rights of the receiver. Beach on Rec. (Alderson's ed.) §§ 267–269; *Hurd* v. *Elizabeth*, 41 N. J. L. 4; *Secomb* v. *Cullen*, 128 Ill. 556; Thomp. on Corp. §§ 7336, 7337, 7339, 7340, 7344, 7345, 7348; *Holbrook* v. *Ford*, 153 Ill. 633. Had this attachment been levied by a Connecticut creditor, he would be clearly in contempt of the Connecticut court and would be restrained from proceeding. To allow such a course to be taken by a foreign creditor would allow privileges to such a foreign creditor which are not allowed to our own creditors, and to give him preference over domestic creditors, which no court ought to, or will, do. Thomp. on Corp. § 7350; *Reynolds* v. *Adden*, 136 U. S. 348–356; *Cunningham* v. *Butler*, 142 Mass. 47; *Cole* v. *Cunningham*, 133 U. S. 107; Beach on Rec. §§ 267–269. As regards his rights in the distribution of the estate, a creditor who comes into our courts and seeks to take advantage of our laws must be regarded, *quo ad hoc*, a resident of this State, subject to its jurisdiction, and must be governed by the same rule as a resident creditor. *Cole* v. *Cunningham*, *supra; Baldwin* v. *Hale*, 68 U. S. 1. See also *Farmers' L. & T. Co.* v. *Bankers' & Merchants' Tel. Co.*, 148 N. Y. 315. Under the title of "comity" courts have adopted the rule, so far as possible, of assisting these winding-up proceedings in the home jurisdiction of the corporation; and have even gone so far as to direct their own local receivers to pay over the assets in their hands to the receiver appointed in the home jurisdiction. See *Parsons* v. *Charter Oak Ins. Co.*, 31 Fed. Rep. 305; *Fry* v. *Same*, ibid. 197; *Fyler* v. *Same*, Ill. Supreme Court, 1888; *Fitzgerald* v. *Same*, Supreme Court, City of New York, 1888; *Brooks* v. *Hartford*, 61 Conn. 112. It would seem that it is the duty of the judiciary, as far as possible, to carry out this policy, and the more recent authorities are to that effect. *Gilman* v. *Hudson R. B. & S. Co.*, 84 Wis. 60; *Guarantee T. &*

*S. Dep. Co.* v. *Phil., R. & N. E. R. Co.*, 69 Conn. 706; *Merchants' Nat. Bank* v. *McLeod*, 38 Ohio St. 184; *Rogers* v. *Riley*, 80 Fed. Rep. 759. If the claimant is allowed to file its claim at all, it should be allowed only such dividend as will place it on an equality with the other creditors. *In re Sawyer*, 7 App. R. (N. Y.) 198; 4 Phill. Intern. Law, § 389; Sto. Confl. of Laws, § 423 *e*. The full market value should be taken, not simply the value of the property as sold at auction, after deducting the expenses. *In re Greeley & Co.*, 70 Conn. 494; *Sanford* v. *Peck*, 63 id. 486.

BALDWIN, J. The judgment recovered by default in the Supreme Court of the State of New York cannot found a claim against the estate in the hands of the receiver. The only service of process upon the defendant having been made out of that State, there exists no personal obligation on its part to pay it.

The right of the Davies & Thomas Company, however, to present its original account against the defendant for allowance in the receivership proceedings in this State, was not prejudiced by its having put it into judgment in New York. That was necessary to secure the benefit of the attachment which had been lawfully made before those proceedings were commenced. *Lawrence* v. *Batcheller*, 131 Mass. 504. Our statute dissolving attachments made within sixty days before the appointment of a receiver of a corporation (Public Acts of 1895, p. 491), has no application to legal proceedings in other States.

There is no ground for the claim that the Davies & Thomas Company, after receiving notice of the appointment of the receiver in Connecticut, was put to an election whether to pursue its remedy in the New York courts or in those of this State. Whatever might be true, had it been a citizen of Connecticut, it had a right, as a citizen of Pennsylvania, to avail itself of the security which it had already obtained by attachment, as fully as if it had come by a mortgage, and should it prove insufficient to satisfy its demand, to maintain

a claim for the balance in the same manner as any other creditor.

The property thus attached naturally brought less than its fair market value at the sale on execution. Being, however, in the custody of the New York court, and a forced sale being the only legal mode of disposing of it to satisfy the judgment, the net proceeds were all for which the execution creditor was accountable in reduction of its demand.

Different considerations apply to the second attachment, and govern its consequences. It was made after the appointment of the receiver, and with notice of that fact. The decree under which he derived his title required the defendant to execute conveyances of any of its property which might be necessary and proper by way of further assurance. It did execute forthwith a conveyance to him of all its property in New York. The Davies & Thomas Company had notice of the decree, and therefore equitable notice that such a conveyance might have been made, a month before it made its second attachment.

An assignment of personal property, not followed by a change of possession, is voidable by attaching creditors, unless the assignee can give a satisfactory excuse for the want of delivery. *Swift* v. *Thompson*, 9 Conn. 63. The defect of title is due to a presumption of fraud derived from the consent of the assignee to a continuance of the appearance of ownership in the assignor. An assignment by an insolvent debtor for the benefit of his creditors generally is not within the reason of the rule. He cannot be presumed to intend to defraud any of them by a conveyance made in the interest of all. Nor is it certain that everything that is assigned will be accepted. The representative of the creditors is entitled to a reasonable time within which to decide whether any particular item of the property is worth taking, or not.

The suit now before us is one brought by a majority of the defendant's stockholders for its dissolution, and counts upon a vote of the directors that its affairs ought to be wound up and a receiver appointed. The receiver's failure to take possession of the goods upon which the second attachment was

levied, is sufficiently explained by the information which he received that they had been seized under the first attachment before his appointment. Under these circumstances, the transfer of title to him was good under our law, as against any creditors of the defendant. It is unnecessary to determine whether the receiver, never having been in possession, could have set it up before the courts of New York to defeat the attachment. He did not intervene for that purpose in the proceedings there, nor, had he done so unsuccessfully, would it have precluded him from insisting that in this suit the Davies & Thomas Company appears in the character of a wrong-doer, asking equity where it has not done equity. *Hibernia National Bank* v. *Lacombe,* 84 N. Y. 367, 386. General Statutes, § 532, directs courts of probate, in the settlement of estates of insolvent debtors, after providing for preferred claims, to order all other claims allowed by the commissioners to be paid *pro rata*, "subject to such existing equities as may be ascertained and decreed by the court, upon hearing, after public notice." A similar rule must govern in these proceedings. General Statutes, §§ 1942, 1965; Public Acts of 1895, p. 573, § 3; *In re Waddell-Entz Co.,* 67 Conn. 324. The Davies & Thomas Company not only knew of the decree appointing the receiver, but knew, or had ample means of knowing, when the second attachment was made, that the property had been transferred to the receiver by a good conveyance at common law, executed in furtherance of that decree. It is not alleged, and cannot be presumed that, under the laws of New York, such a transfer is invalid. *Guillander* v. *Howell,* 35 N. Y. 657; *Hoyt* v. *Thompson,* 19 id. 207, 224. A voluntary conveyance of goods made by the owner at his domicil, in a form which is sufficient there and also at common law, is effectual to transfer the title, although they may at the time be in another State, unless the statutes or local policy of that State forbid. The present was from the beginning substantially a voluntary proceeding. Its declared purpose was to carry out a vote of the directors of the defendant company providing for winding it up through the agency of a receiver. Service of the writ was accepted

by the defendant, with a stipulation for its immediate return, and for a hearing on the day of its issue, upon the application for a temporary receiver. The statute authorizes the Superior Court, as a court of equity, to wind up the affairs of any such corporation and dissolve it, on the complaint of shareholders owning not less than a tenth of its capital stock, if it be found that the interests of the shareholders will thus be best protected. Public Acts of 1895, p. 571, § 1. The appointment of the plaintiff was based upon such a finding. No element of compulsion is disclosed by these proceedings. If the assignment by the defendant to the receiver had been forced upon it at the instance of a creditor, this might have been regarded as an *in invitum* proceeding. *Catlin* v. *Wilcox Silver-Plate Co.*, 123 Ind. 477, 24 Northeastern Rep. 250. As it is, that question is not involved, for the conveyance made to protect its interests, and under a decree which three quarters of its shareholders had sought and none opposed, cannot fairly be regarded as other than a voluntary one. It was an exercise of the *jus disponendi* which is incident to ownership. It placed the goods which were its subject precisely where the defendant wished to have them placed, at the disposal of one representing primarily all its creditors and secondarily all its shareholders. This wish had been first expressed by the vote to wind up; then by the consent to an immediate hearing on a petition by three quarters of the shareholders for the appointment of a receiver to aid in carrying out the vote; then by making no opposition to such an appointment, by what was virtually a consent decree; and finally by transferring to him whatever title it could to all that it possessed.

The effect of such a transfer on goods in another State is not to be determined simply by the rule of comity which is applicable to extra-territorial assignments by operation of law; but rests on the general principles of jurisprudence as to the right of every one to dispose of what he owns. *Egbert* v. *Baker*, 58 Conn. 319; *First National Bank* v. *Walker*, 61 id. 154.

The Davies & Thomas Company has come into this State

to secure, at the hands of a court of equity, the benefit of a winding-up suit, in the course of which it has acquired a special advantage by a seizure of assets of the estate in another jurisdiction, with actual notice of the pendency of the action, and equitable notice of the receiver's title under the conveyance which has been under consideration. No one can claim the benefit of such a proceeding without renouncing every right which is inconsistent with its proper object. That object is, primarily, to dispose of all the property which the defendant owned at the commencement of the suit, subject to existing liens and lawful preferences, for the equal benefit of all its creditors. This cannot be accomplished, if. without leave of the court, new liens can be created upon it or preferences secured, upon no new consideration, during the pendency of the action.

The benefit of the first attachment can be lawfully retained. That of the second must be renounced, and the property taken upon it considered, as between the receiver and the Davies & Thomas Company, as assets of the estate which it has wrongfully converted, and for which it must account, before it can be allowed to share as a creditor in the estate. The measure of liability is the fair value of the goods at the date of the attachment, with interest. *Oviatt* v. *Pond*, 29 Conn. 479. As it had no equitable right to levy on them, it is immaterial that they brought less than their value at the sheriff's sale.

If the Davies & Thomas Company pays the amount above stated to the receiver, it should be admitted to prove its claim upon its original account against the defendant, less the net proceeds of the goods sold under the first attachment. In ascertaining such proceeds, no deduction from the gross amount received from their sale should be made on account of fees or costs accruing under the second attachment. If it does not make such payment, its claim should be wholly disallowed. *In re Greeley & Co.*, 70 Conn. 494; *Cockerell* v. *Dickens*, 3 Moo. P. C. C. 98, 132.

The Superior Court is advised that the Davies & Thomas Company is not entitled to prove its claim against the estate in the hands of the receiver, unless it first pays him the

amount specified in the foregoing opinion, and that, upon such payment, it can prove a claim, but only for the original indebtedness, less the net proceeds of the original attachment, ascertained as indicated in said opinion.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.