CLARK, COMMISSIONER OF INSURANCE, RE-
CEIVER, *v.* WILLIARD ET AL., TRUSTEES, ET AL.

No. 361. Argued January 11, 1935.—Decided February 4, 1935.

See 292 U. S. 112.

*Mr. Edmond M. Cook,* with whom *Messrs. Reuel B.
Cook* and *M. S. Gunn* were on the brief, for petitioner.

*Mr. H. Leonard DeKalb,* with whom *Mr. Louis P. Dono-
van* was on the brief, for respondents.

By leave of Court, briefs of *amici curiae* were filed by
*Mr. Louis H. Pink,* on behalf of the Superintendent of
Insurance of New York; *Mr. Otto Kerner,* Attorney Gen-
eral of Illinois, and *Mr. Matthias Concannon,* on behalf of

the Director of Insurance of Illinois; and *Messrs. Allen May, James P. Aylward,* and *Albert A. Ridge,* on behalf of the Superintendent of Insurance of Missouri, all supporting the contentions of petitioner.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

What is before us is another chapter of a controversy that was here at the last term. *Clark* v. *Williard,* 292 U. S. 112.

The controversy is the outcome of conflicting claims to the Montana assets of an Iowa corporation. On the one side is the petitioner, the Insurance Commissioner of Iowa, claiming as official liquidator. On the other side are the respondents, judgment creditors of the corporation, armed with an execution which they insist upon the right to levy. If the petitioner prevails, there is equal distribution; if the respondents prevail, the race is to the swift.

When the case was here before, the Supreme Court of Montana had given priority to the judgment creditors, placing its ruling upon the ground that the petitioner, the foreign liquidator, was not a successor to the corporation, but a chancery receiver, with a title, if any, created by the Iowa decree. 94 Mont. 508; 23 P. (2d) 959. We held that under the statutes of Iowa the liquidator was the successor to the corporation, and not a mere custodian, and that in ruling to the contrary the Supreme Court of Montana had denied full faith and credit to the statutes of a sister state. 292 U. S. 112, 121. The question was then an open one whether there was any local policy, expressed in statute or decision, whereby the title of a statutory successor was to be subordinated to later executions at the suit of local creditors. As to that question the Supreme Court of Montana would speak the final word. 292 U. S. 112, 123. The decree was accordingly

vacated and the cause remitted to the state court to the end that the local policy might be made known through the one voice that could declare it with ultimate authority.

The Supreme Court of Montana has reconsidered the conflicting claims of liquidator and creditors in the light of that decision. It has held (the Chief Justice and an Associate Justice dissenting) that the local policy of the state permits attachments and executions against insolvent corporations, foreign and domestic; that the writs will not be halted though the effect of the levy may be waste or inequality; and that this rule will prevail against a statutory successor, clothed with title to the assets, just as much as against the corporation itself or the trustees upon dissolution or a chancery receiver. *Mieyr* v. *Federal Surety Co.,* 97 Mont. 503; 34 P. (2d) 982. A writ of certiorari brings the case to us again.

Every state has jurisdiction to determine for itself the liability of property within its territorial limits to seizure and sale under the process of its courts. *Green* v. *Van Buskirk,* 5 Wall. 307, 312; 7 Wall. 139; *Hervey* v. *Rhode Island Locomotive Works,* 93 U. S. 664, 671; *Security Trust Co.* v. *Dodd, Mead & Co.,* 173 U. S. 624, 628. Montana does not challenge the standing of this foreign liquidator as successor to the dissolved corporation or as owner of its assets. On the contrary his standing and ownership are now explicitly conceded. All that Montana does by the decree under review is to impose upon such ownership the lien of judgments and executions in conformity with local law. In this there is no denial to the statutes of Iowa or to its judicial proceedings of the faith and credit owing to them under the Constitution of the United States. United States Constitution, Article IV, § 1.

If the corporation were still in being, and still the owner of the assets, its ownership would be subordinate

to the process of the local courts. So much would be conceded everywhere. If title had been conveyed to an assignee for the benefit of creditors by a common law assignment or by insolvency proceedings, claimants in Montana might pursue their suits and remedies in derogation of the assignment when the law or policy of the locality ordained that this result should follow. So much, again, is settled by unimpeachable authority. *Security Trust Co.* v. *Dodd, Mead & Co., supra; Disconto Gesellschaft* v. *Umbreit,* 208 U. S. 570, 579, 580; *Cole* v. *Cunningham,* 133 U. S. 107; *Oakey* v. *Bennett,* 11 How. 33, 44; *Ockerman* v. *Cross,* 54 N. Y. 29; *Warner* v. *Jaffray,* 96 N. Y. 248, 255; *Barth* v. *Backus,* 140 N. Y. 230; 35 N. E. 425; *Ward* v. *Connecticut Pipe Mfg. Co.,* 71 Conn. 345; 41 Atl. 1057; *Gilbert* v. *Hewetson,* 79 Minn. 326; 82 N. W. 655. The principle of these decisions applies with undiminished force to a statutory successor. In respect of his subjection to the power of the local law, his position is no better than that of the dissolved corporation to whose title he has succeeded or of its voluntary assignee upon a trust for all the creditors. He must submit, as must they, to the mandate of the sovereignty that has the physical control of what he would reduce to his possession. Cf. *Disconto Gesellschaft* v. *Umbreit, supra; City Bank Farmers Trust Co.* v. *Schnader,* 293 U. S. 112; *Cooper* v. *Philadelphia Worsted Co.,* 68 N. J. Eq. 622, at p. 629; 60 Atl. 352.

This is not to say that any uniform policy prevails among the states when liquidators and creditors thus compete with one another. The diversity of practice was pointed out, with citation of the precedents, when the case was here before. 292 U. S. 112, at p. 122. Some states prefer a rule of equal distribution and compel the local suitor to yield to the statutory successor (*Martyne* v. *American Union Fire Ins. Co.,* 216 N. Y. 183; 110 N. E. 502), though at times with precautionary conditions.

292 U. S. 112, at p. 129; *People* v. *Granite State Provident Association,* 161 N. Y. 492; 55 N. E. 1053. Other states give the local creditor a free hand, with the result that he may seize what he can find, though the assets of the debtor are dismembered in the process. *Lackmann* v. *Supreme Council,* 142 Cal. 22; 75 Pac. 583; *Shloss* v. *Metropolitan Surety Co.,* 149 Ia. 382; 128 N. W. 384; *Zacher* v. *Fidelity Trust Co.,* 109 Ky. 441; 59 S. W. 493. Choice is uncontrolled, as between one policy and the other, so far as the Constitution of the Nation has any voice upon the subject. Iowa may say that one who is a liquidator with title, appointed by her statutes, shall be so recognized in Montana with whatever rights and privileges accompany such recognition according to Montana law. For failure to give adherence to that principle we reversed and remanded when the case was last before us. Iowa may not say, however, that a liquidator with title who goes into Montana may set at naught Montana law as to the distribution of Montana assets, and carry over into another state the rule of distribution prescribed by the statutes of the domicile.

*Converse* v. *Hamilton,* 224 U. S. 243, holds nothing to the contrary. A statutory liquidator of a Minnesota corporation brought suit in Wisconsin against defendants there residing to enforce their personal liability as stockholders in accordance with a Minnesota statute. The only question was whether the liquidator so appointed had capacity to sue. In the view of the court, capacity and title were established by the laws of Minnesota. United States Constitution, Article IV, § 1. The ruling did not affect the power of Wisconsin to subject the proceeds of the cause of action or any other assets to the claims of local creditors. Nothing in the case suggests that creditors of the Minnesota corporation were suing in Wisconsin or that there was threat of suit thereafter. The problem now here was left untouched and unconsidered.

216

The petitioner makes a point that the property or part of it subjected to the levy was not of such a nature as to have a situs in Montana or to be amenable to process issuing from her courts. No such point was made in the record of the proceedings in the court below. No such point was made in this court in the petition for certiorari to bring the case here for review. It will not be considered now. *Gunning* v. *Cooley,* 281 U. S. 90, 98; *Zellerbach Paper Co.* v. *Helvering,* 293 U. S. 172, 182; *Helvering* v. *Taylor,* 293 U. S. 507.

The decree should be affirmed, and it is so ordered.

*Affirmed.*