## ROHRBACK v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 10183.

Circuit Court of Appeals, Eighth Circuit.

Feb. 27, 1936.

Rehearing Denied March 23, 1936.

Patrick H. Cullen, of St. Louis, Mo. (Ernest P. McCarthy, Ephrim Caplan, Cullen Coil, and Cullen, Fauntleroy & Edwards, all of St. Louis, Mo., on the brief), for appellant.

James C. Jones, Jr., of St. Louis, Mo. (James C. Jones, Lon O. Hocker, and Frank Y. Gladney, all of St. Louis, Mo., on the brief), for appellee.

Before STONE, SANBORN, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

This is an action by the Mutual Life Insurance Company of New York (appellee) against Bertha Rohrback (appellant), the beneficiary under a life insurance policy to cancel the policy. From a decree cancelling the policy, defendant appeals.

Appellee challenges the assignment of errors as insufficient for the matters appellant seeks to present here. Obviously, this question must be resolved before we proceed further, since we must determine which, if any, of the matters urged by appellant are not properly before us. The index to appellant's brief states the matters to be here presented as follows:

"I. The incontestable clause construed and applied so as to shorten the period of limitation in which plaintiff could commence suit is null and void by reason of section 2964, R.S.Mo.1929.

"II. Plaintiff is not entitled to relief in equity.

"III. The evidence failed to sustain plaintiff's allegation of fraud or that the facts misrepresented contributed to the death of the insured.

"IV. The insurance company by its act rescinded the policy at law, and is therefore precluded from proceeding in equity."

■ I. Appellant's specification of errors directs us to assignment of errors numbered 8 and 11 as the basis for her contention that section 2964, R.S.Mo.1929 (Mo. St.Ann. § 2964, p. 1832), renders the incontestable clause in the policy void. Assignment 8 is "The decree is against the law and against the law under all the evidence." Assignment 11 is: "The Court erred in decreeing a cancellation and rescission of the policy in issue." Clearly each of these assignments amounts to nothing more particular than that a wrong decree was entered. They are too general to present any issue of law for review here. Columbia Pictures Corp. v. Lawton-Byrne-Bruner Ins. Agency Co., 73 F.(2d) 18, 19; Schmidt v. United States, 63 F.(2d) 390, 391; Flanagan v. Benson, 37 F.(2d) 69, 70; Southern Surety Co. v. Lee County Bank, T. & T. Co., 36 F.(2d) 220, 221; Lahman v. Burnes Nat. Bank, 20 F.(2d) 897, 898—all in this court, to which very many more citations from this court might be added.

■ Also an inspection of the issues as made by the pleadings and as considered by the trial court show no such issue either presented or passed upon. Clark v. Williard, 294 U.S. 211, 216, 55 S.Ct. 356, 79 L.Ed. 865, 98 A.L.R. 347; Olson v. United States, 292 U.S. 246, 262, 54 S.Ct. 704, 78 L.Ed. 1236; Edward Hines Yellow Pine Trustees v. Martin, 268 U.S. 458, 465, 45 S.Ct. 543, 69 L.Ed. 1050; Bass, Ratcliff & Gretton, Ltd. v. State Tax Comm., 266 U.S. 271, 284, 285, 45 S.Ct. 82, 69 L.Ed. 282.

■ II. Appellant designates assignments 2, 3, and 10 as presenting her contention that the plaintiff is not entitled to equitable relief. Assignment 2 is: "The Court erred in its findings of fact filed and entered March 28, 1934." Assignment 3 is: "The Court erred in its conclusions of law filed and entered March 28, 1934." Assignment 10 is: "The Court erred in its conclusions of law numbered one to three inclusive, as filed March 28, 1934." "Conclusions one to three inclusive" were (1) that insured had made certain false and fraudulent statements in his application for the policy; (2) that he was not in good health when the policy was delivered; and (3) "that the plaintiff is entitled to have said policy rescinded and cancelled." Each of these assignments is too general to present this matter for review (citations above). Also this issue was not raised in the pleadings nor considered below.

■ III. Appellant designates assignments 7, 8, and 9 as presenting her contention that the evidence failed to sustain plaintiff's allegations of fraud and that the misrepresented facts contributed to the death of insured. Assignment 7 is: "Under the greater weight of all the credible evidence in the case there should have been a finding and decree in favor of the defendant." Assignment 8 is: "The decree is against the law and against the law under all the evidence." Assignment 9 is: "The Court erred in its special findings of fact numbered one to eight, inclusive, as filed March 28, 1934." These assignments are each too general to present a defined issue of law here. As to assignment 7: There were two separate and distinct matters presented by the pleadings (fraudulent representations in the application and ill health at delivery of the policy), either of which, if true, would justify rescission of the policy. The trial court found both true. Even if the fraudulent representations in the application were unsupported by the evidence, yet the ill health at deliv-

ery of the policy would remain and be sufficient to sustain the decree. Assignment 8 is obviously too general. Assignment 9 is a blanket attack upon all of the findings of fact which included various distinct matters—some of which are attacked here and some not.

IV. Appellant relies upon assignments 3 and 11 to support her presentation of the issue that the appellee is not entitled to equitable relief because it tendered rescission during the contestable period and therefore has an adequate remedy at law. Assignment 3 is: "The Court erred in its conclusions of law filed and entered March 28, 1934." Assignment 11 is: "The Court erred in decreeing a cancellation and rescission of the policy in issue." Clearly, each of these assignments is too general.

### Conclusion.

Since none of the assignments of errors here relied on is particular enough to present any matter which we may examine, we are precluded from discussing the merits of the various propositions urged by appellant. It is an easy matter for parties to clearly and particularly state, in the assignment of errors, the precise issue of law they seek to present here. Our rules require that the assignment "shall set out separately and particularly each error asserted and intended to be urged." Clearly, no one of the above assignments complies with this simple and easily followed requirement. However, because there exists some confusion as to the bringing of suits for cancellation of policies within the contestable period where loss has occurred under the policy and no suit been brought therefor, we deem it appropriate to suggest a procedure which will safeguard the rights of both insured and insurer. Where such action is brought to cancel a policy, all proceedings therein (except for preservation of evidence) should, upon motion by the beneficiary or defendant, be stayed until the end of the contestable period, and if, within that period, an action to recover under the policy is brought, the stay should be extended until final termination of that action—when the cancellation action may be dismissed or proceeded with as may be just under the then situation. See Di Giovanni v. Camden Fire Ins. Co., 296 U. S. 64, 56 S.Ct. 1, 80 L.Ed. ——, and Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440.

The decree herein is affirmed.