Davis *v.* Amra Grotto M. O. V. P. E. R., Inc., *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed March 10, 1936.

Poore, Testerman & Burnett, of Knoxville, for complainant.

A. E. Mitchell, W. C. Burton, and Lindsay, Young & Atkins, all of Knoxville, for defendants.

Mr. Special Justice Davis delivered the opinion of the Court.

The Superintendent of Insurance of the State of Ohio, on his petition to rehear, insists that the former opinion and decree of this court is in error, in denying him the right and title to the fund held by the ancillary receiver in Tennessee. It is insisted that, by force of the Ohio statute (Gen. Code, sec. 634-4), he is vested by operation of law with title to all the property in question, and that to deny his title and right of removal is to do violence to the United States Constitution, article 4, sections 1 and 2. It is urged, also, that we have failed to give application to the principles announced by the United States Supreme Court in *Clark* v. *Williard,* 292 U. S., 112, 54 S. Ct., 615, 78 L. Ed., 1160.

After remand to the state court [*Mieyr* v. *Federal Surety Co. of Davenport,* 97 Mont., 503, 34 P. (2d), 982], Clark v. Williard was before the United States Supreme Court again. 294 U. S., 211, 55 S. Ct., 356, 357, 79 L. Ed., 865, 98 A. L. R., 347. The Montana court imposed, upon the local assets of the foreign corporation before it, the lien of judgments and executions in conformity with local law, and such demands and local policy were not disturbed by the Supreme Court, when the case was last before it. The court pointed out:

"If the corporation were still in being, and still the owner of the assets, its ownership would be subordinate to the process of the local courts. So much would be conceded everywhere. If title had been conveyed to an assignee for the benefit of creditors by a common-law assignment or by insolvency proceedings, claimants in Montana might pursue their suits and remedies in derogation of the assignment when the law or policy of the locality ordained that this result should follow."

The court also said that a statutory successor is sub-

ject to the powers of local law, his position being no better than that of the dissolved corporation to whose title he has succeeded. "He must submit, as must they, to the mandate of the sovereignty that has the physical control of what he would reduce to his possession."

In *Bank* v. *Motherwell Iron, etc., Co.*, 95 Tenn., 172, 31 S. W., 1002, this court permitted a nonresident creditor of a nonresident corporation to subject assets of such foreign corporation, though insolvent, to the levy of attachment.

Petitioner relies upon *Leipold* v. *Marony*, 7 Lea (75 Tenn.), 128, in which case this court permitted the commissioners appointed by an act of Congress, for the purpose of taking charge of the property and assets of Freedman's Savings & Trust Company, which was also a creature of Congress, to maintain a bill in equity to enjoin local attaching creditors from proceeding under attachments on the local assets of Freedman's Savings & Trust Company. At least it was held that the chancellor was in error in sustaining a motion to dismiss such bill. But the bill in that case was filed in a local court, against the attaching creditors, and all persons having an interest in the assets of the company, whether as creditors or otherwise, and the bill prayed that the assets and property of the local agency be administered and distributed in chancery, according to the rights and equities of the several parties. The commissioners, as such governmental agencies, therefore, submitted to the local jurisdiction, and when they thereby brought into court local assets, of course, a court of equity could distribute such assets according to local laws. We are unable to see that this case aids the insistence of the Insurance Commissioner.

We do not think the Legislature of Ohio could pass a statute which would deprive the courts of Tennessee of their jurisdiction to administer upon local assets of a foreign corporation, in accordance with the law of the forum; and we are not able to see that our position on the question is in contravention of the constitutional provisions relied upon by the petitioner.

It results that the petition to rehear is denied.