**TOMPKINS et al. v. BENDER.**

Civil Action No. 144.

District Court, M. D. Pennsylvania.

Nov. 30, 1941.

Prior opinion, see 39 F.Supp. 408.

Edwin W. Tompkins, of Emporium, Pa., and Charles Wolfe Kalp, of Lewisburg, Pa., for plaintiffs.

Thomas G. Gregory, of St. Marys, Pa., for defendant.

JOHNSON, District Judge.

This action was brought by the liquidating trustees of a state bank who sought to impress a trust against the assets of an insolvent national bank in the hands of a receiver. The case was submitted to the court upon an agreed statement of facts, and on June 28, 1941, this court, 39 F.Supp. 408, rendered an opinion denying the plaintiff's right to impress a trust on the national bank's assets, and directing the receiver of the national bank to recognize

the plaintiff's claim as a general claim only. This decision was based upon the court's finding that the plaintiffs had not traced trust funds or the proceeds thereof into the defendant receiver's hands. On August 25, 1941, plaintiffs moved the court for a reargument, which motion and reargument were heard by the court on September 6, 1941.

Counsel for plaintiffs admit that the decision of this court of June 28, 1941, is a correct pronouncement of the law prior to the enactment in 1931 by the Pennsylvania legislature of the Bank Collections Act, 1931 Pa.P.L. 568, 7 P.S. § 212 et seq., effective September 1, 1931 under the provisions of Act May 17, 1929 Pa.P.L. 1808, then in effect. Since the transaction in question occurred in March, 1932, counsel for plaintiffs contend that the case is governed by the Pennsylvania Bank Collections Act.

The only question for consideration is the effect of the Pennsylvania Bank Collections Act of 1931 on the procedure to be followed in liquidating an insolvent national bank.

Section 13(c) of the Pennsylvania Act provides: "Where an agent collecting bank, other than the drawee or payor, shall fail or be closed for business as above, after having received in any form the proceeds of an item or items entrusted to it for collection, but without such item or items having been paid or remitted for by it either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such failed collecting or other bank debtor therefor; the assets of such agent collecting bank which has failed or been closed for business as above shall be impressed with a trust in favor of the owner or owners of such item or items for the amount of such proceeds, and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into such other assets of such failed bank."

Counsel for plaintiffs contend the above section applies to this case and relieves plaintiffs of the burden of tracing trust funds into the receiver's hands, and counsel therefore argue that these plaintiffs are entitled to impress a trust upon all assets of the national bank in the hands of defendant receiver.

In the case of Jennings v. United States F. & G. Co., 294 U.S. 215, 55 S.Ct. 394, 398, 79 L.Ed. 869, 99 A.L.R. 1248, the Supreme Court of the United States considered an identical provision of an Indiana statute, and declared that a trust created by this section "to arise upon insolvency, is a preference under another name", that "as applied to a national bank, the preference is plainly inconsistent with the system of equal distribution established by the federal law" and therefore cannot govern the distribution of assets of an insolvent national bank.

Counsel for plaintiff argue that the Jennings decision is not based upon a specific statute, but was decided under the "federal general common law" as outlined in Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865. Since Swift v. Tyson was overruled by the United States Supreme Court in 1938 in the case of Erie R. R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, counsel claim the Jennings decision was likewise overruled.

There is no merit in this contention. "As pointed out in various decisions, a recovery against the receiver of a national bank is not based upon any provision of the statute creating any lien or preference, for the statute forbids preferences, but is authorized in situations where the facts are such that the court must say in equity that the property is not that of the bank but that of the claimant": John L. Walker Co. v. Alden et al., D.C., 6 F. Supp. 262, 267. "The right of a cestui que trust to pursue and reclaim trust funds rests upon property right. His claim does not become preferred over general creditors of an insolvent bank on a mere showing of its nature and if it has been dissipated there is nothing left to which the trust may attach. If the means of ascertainment and identification fail, the trust falls. Board of Com'rs of Crawford County v. Strawn, 6 Cir., 157 F. 49, 15 L.R.A.,N.S., 1100": Rossman v. Blunt, 6 Cir., 104 F.2d 877, 880.

In other words, any person claiming a portion of the alleged assets of an insolvent national bank in the hands of a receiver has a right to show that certain of those alleged assets are his and always have been his, and that the bank was hold-

ing them merely as trustee. Upon such showing, a court must decree a return to the petitioner of that which is his, because it is not and never has been an asset of the insolvent national bank. "The real owners of property or funds held by the bank, subject to a trust, are not deprived of their right to recover in full the trust property or fund or so much thereof as has augmented the assets of the bank in the hands of the receiver and can be traced": 9 C. J.S., Banks and Banking, § 759, and cases there cited.

Counsel for plaintiffs argue that section 13(c) of the Bank Collections Act merely changes the degree of tracing required to impress a trust upon the assets of an insolvent national bank. This is not correct. The section does not aid all claimants seeking to impress a trust upon the assets of an insolvent national bank. It creates a trust and a preference for a special class, the owners of negotiable instruments whose debts remain unsatisfied after payment of the paper has been collected by the agent bank. It is because section 13(c) does not apply equally to all claimants that its effect is the creation of a preference for a special class, a preference plainly inconsistent with the National Bank Act, 12 U.S.C.A. § 194.

"It is certain that, in so far as not repugnant to acts of Congress, the contracts and dealings of national banks are left subject to the state law": Davis v. Elmira Savings Bank, 161 U.S. 275, 287, 16 S.Ct. 502, 505, 40 L.Ed. 700. However, as stated by the United States Supreme Court in the Jennings case, what is regulated by section 13(c) of the Bank Collections Act is not the relation between a bank and its correspondents during the normal course of business. "What is regulated is the relation and the remedy when insolvency has set in and business is suspended. Then for the first time a trust comes into being through the action of the statute, a trust coextensive * * * with all the assets of the bank, irrespective of their nature, and yet a trust for a special class, the owners of negotiable instruments whose debts remain unsatisfied after payment of the paper has been collected by the agent. * * * A trust so created, to arise upon insolvency, is a preference under another name. As applied to a national bank, the preference is plainly inconsistent with the system of equal distribution es-

tablished by the federal law. Rev.St. § 5236, 12 U.S.C. § 194, (12 U.S.C.A. § 194); Davis v. Elmira Savings Bank, 161 U.S. 275, 283, 284, 16 S.Ct. 502, 40 L.Ed. 700; Easton v. Iowa, 188 U.S. 220, 229, 23 S. Ct. 288, 47 L.Ed. 452; Cook County National Bank v. United States, 107 U.S. 445, 2 S.Ct. 561, 27 L.Ed. 537; Texas & Pacific Ry. Co. v. Pottorff, 291 U.S. 245, 54 S.Ct. 416, 78 L.Ed. 777; Lewis v. Fidelity & Deposit Co. of Maryland, supra [292 U. S. 559, 566, 54 S.Ct. 848, 78 L.Ed. 1425, 92 A.L.R. 794]. The power of the nation within the field of its legitimate exercise overrides in case of conflict the power of the states." Jennings v. United States F. & G. Co., 294 U.S. 216, 225, 226, 55 S.Ct. 394, 398, 79 L.Ed. 869, 99 A.L.R. 1248.

For the foregoing reasons, plaintiff's motion for reconsideration of the opinion and order of this court of June 28, 1941, is denied.