17284

JOSEPH W. CLARK, SR., Respondent, v. THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, and STATE OF NEW YORK INSURANCE LIQUIDATION BUREAU, and CHARLES E. WALSH, Assistant Special Deputy Superintendent, and R. LEE KELLY, Insurance Commissioner of the State of South Carolina, Receiver, of which the State of New York Insurance Liquidation Bureau and Charles E. Walsh, Assistant Special Deputy Superintendent, are Appellants.

(97 S. E. (2d) 498)

168

*Joseph L. Nettles, Esq.,* of Columbia, *for Appellants,*

*Messrs. T. C. Callison, Attorney General,* and *William A. Dallis, Asst. Attorney General,* of Columbia, *for R. Lee Kelly, Insurance Commissioner of South Carolina, as re-receiver,* and *Henry H. Edens, Henry Hammer* and *James H. Hammond,* of Columbia, *for Joseph W. Clark, Sr., Respondents,*

April 10, 1957.

TAYLOR, Justice.

The question before the Court in instant case involves the right of a foreign Statutory Liquidator to withdraw from an insolvency proceeding certain funds of an insolvent insurance company, said funds having been deposited by the insolvent company as a prerequisite to doing business in this State, and now being administered in South Carolina by a South Carolina Receiver.

On July 7, 1952, respondent, Joseph W. Clark, Sr., brought an action against The Preferred Accident Insurance Company of New York, a foreign insurance company domesticated in South Carolina, in the Court of Common Pleas for Richland County, to recover disability benefits due him under a policy of insurance issued by such company. This action was accompanied by a restraining Order issued by the Honorable G. Duncan Bellinger enjoining the transfer of the assets located in South Carolina. On July 24, 1952, appellants removed this action to the United States District Court for the Eastern District of South Carolina.

Thereafter, on July 31, 1952, respondent, individually and acting on behalf of all others similarly situated, brought another action in the Court of Common Pleas for Richland County for the appointment of a Receiver to sequester the

assets of the insurance company located in South Carolina upon the ground that said company was insolvent.

Hearing upon the application for appointment of the Receiver came on before the Honorable J. Frank Eatmon, and in the written return as well as the oral argument in opposition to the application, appellants resisted the appointment of a Receiver of the assets located in South Carolina on the ground that the appointment of a Receiver of appellant insurance company's assets located in South Carolina would be a violation of the full faith and credit clause of the United States Constitution because the Courts of New York had appointed the Assistant Deputy Superintendent of Insurance for the State of New York as the Statutory Liquidator of the insolvent insurance company with title and ownership of all assets of such company wherever situated.

On August 9, 1952, Judge Eatmon overruled appellants' contention and issued an Order appointing D. D. Murphy, the then Insurance Commissioner of South Carolina, as the Receiver of the property and assets in South Carolina of the insolvent insurance company, empowering the said Receiver to marshal all assets of such insurance company and directing him to advertise for claims, to be filed not later than November 15, 1952. No appeal was taken from this Order.

Included among the assets of the defendant insurance company in South Carolina were two statutory deposits in Federal Government Bonds: One in the amount of $20,000.00 to secure the payment of judgments in favor of policyholders upon insurance contracts as required by Section 37-184, Code of Laws of South Carolina, 1952; and the other in the sum of $50,000.00 to secure the payment of judgment upon surety bonds as provided by Section 37-605 and 37-607, Code of Laws of South Carolina, 1952.

The receivership proceeding was likewise removed by appellants to the United States District Court on August 19, 1952; but on March 25, 1953, the Honorable C. C. Wyche, Judge of the United States District Court, remanded the

receivership proceeding and the action commenced by respondent, Clark, individually, to the Court of Common Pleas for Richland County.

Thereafter, within the time limited by the Order of Judge Eatmon, several claims, including one of a nonresident of South Carolina, were filed, and the proceeding was referred to the Master for Richland County under a general Order of Reference. The Master heard and allowed the claim of respondent in the amount of $22,706.50. Appellants filed exceptions to this claim which were overruled by Order of Special Circuit Judge B. E. Nicholson, dated April 12, 1955. Appeal was thereupon taken from this Order by appellants, which appeal was subsequently dismissed by Order of the Honorable G. Badger Baker, dated September 22, 1955.

After the time for filing claims expired, appellants filed an application in the receivership proceeding seeking to withdraw from the receivership proceeding the $50,000.00 which had been deposited with the Insurance Commissioner pursuant to the provisions of Section 37-605, of the Code of Laws of South Carolina, 1952, in lieu of the surety bond of a third party.

The application to withdraw the aforesaid bonds from the insolvency proceeding in this State came on for hearing before the Honorable Harry M. Lightsey, as Master of Richland County, under a general Order of Reference, and on May 3, 1955, he issued and filed his findings of fact and conclusions of law denying such application. Exceptions to the report of the Master were filed by appellants and overruled by Special Circuit Judge, Honorable Thomas H. Pope, in his Order dated May 2, 1956.

Appellants now appeal from the aforementioned Order with R. Lee Kelly, substituted as Receiver in the place and stead of D. D. Murphy, who is not an appellant but rather in the position of respondent opposing the withdrawal of funds from the insolvency proceeding.

Prior to posting the bonds in question as a prerequisite to engaging in the surety business in this State, the Pre-

ferred Accident Insurance Company of New York had filed with the Insurance Commissioner $20,000.00 in Federal Government Bonds in order to engage in the insurance business; and at the time the company became insolvent, it was engaged in writing insurance contracts and fidelity and surety bonds. No claims arising out of the fidelity and surety business have been filed with the Receiver; however, claims arising out of the insurance contracts are in excess of the $20,000.00 bond posted as required by Section 37-184, Code of Laws of South Carolina, 1952.

The funds involved in this controversy are the $50,000.00 in Government Bonds which were deposited with the Insurance Commissioner as a condition precedent to engaging in the surety business in South Carolina pursuant to Section 37-605, Code of Laws of South Carolina, 1952, which provides:

"Bond or deposit of securities required.

"Companies doing business in this State who offer or undertake to become surety upon any bond or other surety contract shall, before being accepted as surety thereon, file with the Commissioner, in addition to any other deposit required by the laws of this State, a surety bond in the amount of fifty thousand dollars approved by the Attorney General or deposit with the Commissioner bonds of the United States or of any state of the United States in the market value of fifty thousand dollars which shall be receipted for by the Commissioner and held by him. Such bonds shall be conditioned or such securities held to pay any final judgment entered up against any such company in any court of competent jurisdiction in this State requiring it to pay any loss or liability arising during the term of the bond or while such securities are held and any judgment obtained shall be a lien upon such bond or securities. Whenever such company ceases to do business in this State, has settled up all claims against it and has been released from all bonds upon which it has been taken as surety, any such securities so deposited shall be delivered up to the proper party on presentation of the

Commissioner's receipt for such securities. While such securities are so deposited with the Commissioner the owner thereof shall be entitled to collect the interest on them. The faith of the State is pledged for the return of the securities so deposited to the person entitled to receive them."

Section 37-615 relates to the disposition of securities in the event of insolvency as follows:

"Proceedings in event of insolvency of surety company.

"In the event of adjudication of insolvency of any such surety company by a court of competent jurisdiction or in the event its assets should be placed in liquidation in the state of its incorporation, the Commissioner, under direction of a court of competent jurisdiction, may retain custody of the securities deposited with him under this chapter together with any other assets of such surety company which may be marshaled in this State. Under direction of the court and upon a bill filed by a party in interest the Commissioner shall direct a sale of the securities and assets, if any, at public or private sale and on such terms as the court may deem proper. After payment of the cost and expense, including reasonable counsel fees incurred in connection with such proceedings, all as followed by the court, the Commissioner shall distribute the proceeds of the sale of such securities and assets proportionally among all of this State creditors who may make proof of their claims against any such surety company to the satisfaction of the court. The surplus, if any, shall be disposed of by proper order of such court.

"The Commissioner shall ascertain, as far as practicable, the names and address of this State creditors and the amounts due and owing to them under bonds given by such surety company and shall notify said State creditors to make proof of their claims and the court shall determine the validity and the amount due each of them. The claims of this State creditors of any such surety company not reduced to final judgment prior to the time of the distribution of the assets as provided for in the preceding paragraph shall participate in the proceeds of the sale of such securities and

assets only on a proportional basis with other South Carolina creditors."

In the event a surety company is adjudged insolvent or its assets are placed in liquidation in the State of its incorporation, the Insurance Commissioner, under the direction of the Court, may retain custody of the sureties deposited with him under Section 37-615, Code of Laws of South Carolina, 1952, "together with any other assets of such surety company which may be marshaled in this State." Provision is also made for the sale of the company's assets and the distribution of the proceeds of the sale of the sureties and assets among surety and "other South Carolina creditors" with priority being given to the surety creditors as to the distribution of the proceeds. In instant case, however, there are no surety creditors. The Insurance Commissioner has been appointed Receiver with power and duty to take charge of the securities and other assets located in this State, to sell same and receive claims from all creditors from residents and nonresidents in order that such assets may be distributed among creditors pursuing their rights in the Courts of this State.

Instant case does not involve the question of a bond by a third party but, rather, whether the $50,000.00 in Government Bonds deposited as a prerequisite to doing a surety business may be treated as assets of the insolvent company or, since no surety claims have been filed, may be withdrawn by the Statutory Liquidator, *in toto,* without being subject to costs or other claims against the insolvent debtor.

"* * * it has become a rule quite generally established (subject to certain exceptions) as to ordinary chancery receivers or liquidators with title, that the local property in a state of a foreign corporation for which such receiver or liquidator has been appointed in another state is subject to attachment or garnishment (or to sequestration by the appointment of a local receiver) by the creditors of the corporation, which * * * will take precedence over the rights

or title of the receiver or the liquidator. * * *" 98 A. L. R. 353.

The bonds in question are assets of the insolvent corporation and, being such, may be retained by a State for administration even though a Statutory Liquidator has been appointed in the State of its incorporation. Every State has jurisdiction to determine for itself the liability of property within its territorial limits, to seize and sell such under the process of its Courts, and the Statutory Liquidator has title to the assets of the insolvent corporation subject to the rights and limits of creditors pursuing same against the local assets. *Clark v. Williard,* 294 U. S. 211, 55 S. Ct. 356, 98 A. L. R. 347; see also *Security Trust Company v. Dodd,* 173 U. S. 624, 19 S. Ct. 545, 43 L. Ed. 835.

Appellants, to support their contention, rely upon *Clark v. Williard, supra; Gulf Refining Company v. Home Indemnity Company of New York,* 8 Cir., 78 F. (2d) 842; and *Earle v. Holman,* 154 Or. 578, 55 P. (2d) 1097, 61 P. (2d) 1242; however, none of these support their contention. The title of a Statutory Liquidator of a foreign corporation must be given full faith and credit, but it is subject to the rights and remedies of creditors pursuing same in the State where the property is located, *Clark v. Williard, supra.* In *Gulf Refining Company v. Home Indemnity Company of New York,* the controversy involved the bond of a third party; and *Earl v. Holman,* dealt with a statute, the provisions of which are not consonant with the provisions of Section 37-615 and 10-2301 (4), Code of Laws of South Carolina, 1952, which provide for the administering of assets by a Receiver appointed by the Courts of this State.

For the foregoing reasons, we are of the opinion that the proceeds from the sale of the bonds of the insolvent appellants may be treated by the Receiver as other assets of the insolvent company subject to the rights and remedies of surety, as well as other, creditors with the right of priority being given to surety claimants. See *Wise v. Carolina Hail*

*Ins. Co.* 108 S. C. 504, 94 S. E. 535; that all exceptions should be dismissed, and it is so ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.