**ARCH OPENING STEEL BUCK CORP.**
**(a New York Corporation)**

v.

**UNITED BONDING INSURANCE CO.**
**a/k/a United Bonding Insurance**
**Co. of Indianapolis, Indiana**

**and**

**Noe Construction Corp. (a Pennsylvania**
**Corporation).**

**Civ. A. No. 71-1796.**

United States District Court,
E. D. Pennsylvania.

Jan. 14, 1972.

David C. Harrison, Philadelphia, Pa., for plaintiff.

Kenneth Cushman, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, District Judge.

Defendant, United Bonding Insurance Co. (hereafter called United), by its statutory liquidator who was appointed by the Indiana State Court, contends that the Full Faith and Credit Clause of the United States Constitution (Article IV, § 1) requires a stay of the proceedings before this court.

Plaintiff filed this action against Noe Construction Corporation seeking payment for materials supplied to Noe in Pennsylvania on a project insured by the Federal Housing Administration. United was the surety on the required materialmen's bond, and as such was joined as a co-defendant in this action on the bond. Plaintiff alleges diversity of citizenship and a "federal question" as a basis for jurisdiction. Whether or not this action may be based on a "federal question", the bond expressly providing for concurrent state and federal jurisdiction, need not be decided since there is clear diversity of citizenship of all parties to this action.[1]

Prior to this action being filed, United, an Indiana corporation, had been declared insolvent, and the Indiana State Court appointed the Department of Insurance of Indiana as the statutorily prescribed liquidator. The Statutes of Indiana, Ind.Stat. § 39–3410 (1965) (Burn's), IC 1971, 27–1–4–10, and Pennsylvania, Pa.Stat. tit. 40, § 202 (Supp. 1971), both provide that where a statutory liquidator is appointed for an insolvent insurance company in that state, the liquidator becomes vested with title to all of the insolvent's property, and all claims against the insolvent must be presented to the liquidator, and determined according to special statutory administrative procedures both as to validity and priority, if any, of distribution.

United contends that because Pennsylvania and Indiana have similar statutes, the Full Faith and Credit Clause of the United States Constitution requires this Court, sitting in Pennsylvania, to accord the Indiana liquidator the same relief as would be accorded a Pennsylvania liquidator were the insolvent a Pennsylvania corporation. The effect of United's contention is that the claim against the insolvent would have to be presented to the liquidator in Indiana and determined by the Indiana procedure.

In Arroyo v. Chesapeake Insurance Company, 209 Pa.Super. 174, 224 A.2d 101 (1966), an attachment issued in Pennsylvania against the property of an insolvent Maryland insurance company for whom a statutory liquidator had been appointed by the Maryland courts was dissolved. The court held that since Pennsylvania law would expressly prohibit such an attachment against property of a Pennsylvania insolvent insurance company for whom a statutory liquidator had been appointed in Pennsylvania, Full Faith and Credit required the same relief be afforded to the foreign statutory receiver. The Court pointed out that:

"Our decision today is consistent with the policy of this State to avoid preferences to local creditors, where ratable distribution of an insolvent's assets can be made to all creditors wherever situated. See Commonwealth ex rel. Schnader v. Consolidat-

---

1. Whether "Federal question", 28 U.S.C.A. § 1331 (1966) jurisdiction exists in this case is doubtful. See Miller v. Long, 152 F.2d 196 (4th Cir. 1945).

ed Indemnity and Insurance Company, 362 Pa. 561, 566, 67 A.2d 434 (1949)." *Id.* at 179, 224 A.2d at 104.

*Arroyo* relied substantially on *Clark v. Williard,* 294 U.S. 211, 55 S.Ct. 356, 79 L.Ed. 865 (1935), even though the final result in *Clark* was opposite that of *Arroyo.* In *Clark,* the Supreme Court held that a Montana resident could successfully issue an execution in Montana against property of an insolvent Iowa corporation. Justice Cardozo speaking for the Court stated:

"Iowa may say that one who is a liquidator with title, appointed by her statutes, shall be so recognized in Montana with whatever rights and privileges accompany such recognition according to Montana law. For failure to give adherence to that principle, we reversed and remanded when the case was last before us. [Clark v. Williard, 292 U.S. 112, 54 S.Ct. 615, 78 L.Ed. 1160 (1934)]. Iowa may not say, however, that a liquidator with title who goes into Montana may set at naught Montana law as to the distribution of Montana assets, and carry over into another state the rule of distribution prescribed by the statutes of the domicile." *Id.* at 215, 55 S.Ct. at 358.

The application of *Clark* to the instant case merely requires that Pennsylvania recognize the status of the Indiana liquidator of United, and apply Pennsylvania law to that status. Pennsylvania law could provide that in the event a foreign liquidator comes into Pennsylvania, proceedings will be stayed against the insolvent and claimants must present their claims to the liquidator in Indiana and in accordance with Indiana law. The Pennsylvania statute does not so provide. In addition there is no policy reason to support the creation of such a provision. The present action will in no way affect priority of claims or given any preference to plaintiff. The action is merely to determine the validity of the claim. Therefore, *Arroyo,* involving attachments, is not apposite to the facts of this case and does not lend support to United's contention.

The nature of the action brought here militates against the granting of a stay in the absence of a state mandate. This is an action against two defendants, alleged to be jointly obligated on a performance bond for a construction project in Pennsylvania. The bond expressly provides that

"3. No suit or action shall be commenced hereunder by any claimant:

\* \* \* \* \* \*

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere." (See Exhibit "A" of the Complaint).

To abrogate this clear and unambiguous term of the contract and to require, in effect, a severance of the parties to the action whereby liability of the jointly obligated parties would be determined by separate and entirely different procedures, will cause a gross injustice, delay and inefficiency in the determination of the claim.

There being no law of Pennsylvania requiring a stay or dismissal of this action and the interests of justice and judicial economy favoring a prompt decision on the merits, United's motion to stay must be denied.